[No. 5,679.]

## NOE *v.* SPLIVALO et al.

54  207
81  243
54  207
122  113

Will — Election — Estoppel.— If a testator undertakes to dispose of the property of a third person, and such person accepts a bequest or devise under the will, such acceptance is a confirmation of the disposition by the will; for a person cannot accept a benefit under a will, and at the same time reject it, by asserting, in opposition to it, his own inconsistent proprietary rights.

Id.—Id.—Id.—Decree of Distribution—Pleading.—In an action to quiet title, the answer alleged that the plaintiff's father died seized of the land in controversy, and of another tract, and by his will devised the latter to the plaintiff, and the former to other children, one of whom conveyed to the defendant; that, under a decree of distribution, the land devised to the plaintiff was assigned to him, and that he accepted the same. *Held*—upon the facts alleged—that the plaintiff was estopped by the decree from claiming the property in controversy; and *held, further*, that the defense was well pleaded, though the answer alleged that both the land devised to the plaintiff, and the land claimed by him in opposition to the will, were the property of the testator.

Appeal from a judgment for the plaintiff, and from an order denying a new trial, in the Fourth District Court, City and County of San Francisco. Morrison, J.

The facts are stated in the opinion.

*Eugene B. Drake*, for Appellants.

The plaintiff, having elected to take under his father's will, is estopped from claiming against it. (2 Bouv. Dic. 461; *Morrison* v. *Bowman*, 29 Cal. 347; Taylor's Prec. of Wills, 379: 1 Jarman on Wills, 385; *Hyde* v. *Baldwin*, 17 Pick. 303: *Homblett* v. *Homblett*, 6 N. H. 333; *Weeks* v. *Patten*, 18 Me. 42; Story's Eq. Jur. § 1093; 2 Redf. on Wills, 737–741.) The estoppel was well pleaded. (*Buhne* v. *Corbett*, 43 Cal. 269; *Bell* v. *Brown*, 22 Id. 672; *Willson* v. *Cleaveland*, 30 Id. 192.)

*Wm. Hayes*, and *Geo. R. B. Hayes*, for Respondent.

It is averred that the testator was the owner of the lot devised to the plaintiff, and also the owner of the premises in controversy, which it is alleged he devised in equal shares to other children. In order to raise a case of election, there must be a clear intention expressed on the part of the testator to give that which is not his property. This implies that the person put to an election has some right in regard to this subject, which he could maintain independently of the will. (2 Redf. on Wills, 737, 744, 745; 1 Jarman on Wills, 442; 2 Story's Eq. Jur. §§ 1086, 1087, 1089; Willard's Eq. Jur. 455; *Attorney-General* v. *Lonsdale*, 1 Sim. R. 105; *Havens* v. *Sackett*, 15 N. Y. 365; *Thellus* v. *Woodford*, 13 Ves. 224.) If the facts were as averred, the defendants were not under the necessity of invoking the aid of the doctrine of election.

Department No. 2, THORNTON, P. J.:

This is an action to quiet title to a lot of land situate in the City and County of San Francisco. The complaint is in the usual form. All of the allegations of the complaint are denied as to one-third of the lot of land referred to. The defendants also set up in defense the Statute of Limitations; and for another and separate defense (styled the third defense) pleaded, that on the 17th day of March, 1862, one José de Jesus Noe, the father of the plaintiff, was the owner of the tract of land in controversy, and also the owner of a tract of land whereon one Deering resided; that said Noe died on the day just named, leaving a will, whereby he devised to plaintiff the tract of land whereon Deering resided, and by the same instrument devised to Dolores, Jesus, and Vicente Noe, in equal shares, the lot in suit; that on the 14th of July, 1862, the will of José de Jesus Noe was duly probated by the Probate Court for the City and County of San Francisco, and on the 13th of December, 1872, a decree of distribution was duly made by said Probate Court, under which decree the plaintiff has, ever since it was entered, held and possessed the lot on which Deering resided, and thus

elected to affirm the said will and all its provisions; that on the
30th of November, 1872, Jesus Noe conveyed his interest in
the lot in suit to defendant Catalina, the wife of the other de-
fendant, A. D. Splivalo. The decree was set out *verbatim* in
this third defense, and by it the lot referred to was distributed
to the plaintiff. The Court below gave judgment for the plaint-
iff; defendants moved for a new trial, which was denied, and
they have prosecuted this appeal from the judgment and the
order above stated.

On the trial, the plaintiff, having introduced testimony to
show his title, rested, and defendants then proceeded to put in
testimony, and made an offer, as appears from the statement, as
follows: "And said defendants then, for the purpose of estab-
lishing the third defense set up in the answer, offered to prove
the following facts;" to the introduction of which plaintiff ob-
jected, the objection was sustained, and defendants excepted.
The evidence thus offered and excluded is substantially the
same as the facts set forth in the third defense, except the fact
that the testator named herein owned the tract devised by him
to Dolores, Vicente, and Jesus Noe.

It is here contended, on behalf of the defendants, that the
court erred in excluding the offered testimony, because it
showed an election on the part of plaintiff to take the land de-
vised to him, by which he was and is estopped to urge his title
to the land sued for, conceding that the land belonged to him
when the testator devised it.

The rule is well settled, that if a testator undertakes to dis-
pose of the property of a third person by will, and such person
accepts a bequest or devise under the will, such acceptance is a
confirmation of the dispositions of the will; for a person can-
not accept a benefit under a will, and at the same time reject it,
by asserting in opposition to it his own inconsistent proprietary
rights. (*Morrison* v. *Bowman*, 29 Cal. 337, 347–8, and refer-
ences there made.)

The contention of the defendants is maintainable, if the evi-
dence is admissible under the pleadings on behalf of defendants.
The plaintiff urges that it is not so admissible, because, when
offered, it was limited to the third defense; and such defense

does not, by its allegations, show a case where plaintiff was compelled to elect—the pleader there having averred that the tract of land devised to plaintiff, and the tract sued for, both belonged to the testator when he made his will.

We are of opinion that the plaintiff is estopped from urging his title to the interest in controversy, by the decree of distribution included in the offer made by defendants. It appears that the plaintiff and all other parties interested in the will and the estate were before the Probate Court when the decree of distribution was passed, and agreed thereto. The plaintiff was then called on to disaffirm the will, and not having then done so, he affirmed it in all its provisions.

The Probate Court had jurisdiction of the subject-matter and the parties (Code Civ. Proc. § 1665); the plaintiff elected to take under the decree distributing the property as devised by the will, and he was thus forever estopped from making any claim contrary to its provisions. When the decree was made, if he desired to retain his own land, he should then have declared his election so to retain it, by which the Court would have been relieved of the duty of decreeing the devised property to him, and would then have been at liberty to have satisfied the claim of the grantor of defendants under the will, out of the property which plaintiff declined to accept. (Story's Eq. Jur. §§ 1082, 1083, 1084; *Hyde* v. *Baldwin*, 17 Pick. 308.)

In accordance with these views, the evidence was admissible under the third defense referred to, and the Court below erred in excluding it.

For these reasons, the judgment and order are reversed, and cause remanded for a new trial in conformity with this opinion.

Myrick, J., and Sharpstein, J., concurred.