[No. 7,160.—Department Two.]

### GEORGE W. BOOTH *v.* WILLIAM GALT ET AL.

CONVEYANCE IN FRAUD OF CREDITORS—FINDINGS—SUFFICIENCY OF EVIDENCE.—In an action of ejectment by a purchaser of land at an execution sale, in which the defendant relied upon a conveyance from the execution debtor made prior to the suit, the Court below found that the conveyance was in fraud of creditors.

*Held,* that the finding was so far supported by the evidence as to preclude this Court from disturbing the judgment.

HOMESTEAD—SUFFICIENCY OF DECLARATION.—A declaration of homestead by a married woman (made May 19th, 1875) failed to state that her husband had not made such declaration, and that she therefore made the declaration for their joint benefit, *held* invalid.

APPEAL from an order denying new trial in the Sixth District Court of Sacramento County.   DENSON, J.

The defendant, William Galt, was indebted to the plaintiff for money loaned him on the 1st of May, 1875.   On the 19th of May of the same year the defendant, Margaret Galt, who was the wife of the defendant William, filed her declaration of homestead on the land in controversy, which was defective in the point stated in the syllabus.   On the 4th of January, 1878, William Galt, for the stated consideration of love and affection and of one dollar, conveyed the premises to his wife Margaret.   On the 27th of March, 1878, the plaintiff brought suit against the defendant, William Galt, and recovered judgment, and afterwards purchased the land under an execution

sale and received his deed, and brought suit to recover the same against William and Margaret Galt and their tenant. The latter in her answer set up the homestead and the conveyance to her from her husband. Upon the trial the defendant, Margaret Galt, testified in effect, that her husband agreed with her that if she would advance money out of her separate earnings to pay the taxes, insurance, and repairs on said property, and also to pay interest on a debt due on the homestead, he would deed her an interest equal to the money that she might advance; that she advanced in all about one thousand five hundred dollars, and that the deed was made pursuant to that agreement, and that she did not know of the debt to the plaintiff until afterwards.

Her husband testified to the same effect; but a witness testified that Mrs. Galt and himself frequently talked about the debt due to the plaintiff prior to the conveyance.

*C. W. Waring* and *A. C. Hinkson*, for Appellant.

*Ed. M. Martin*, for Respondent.

The COURT:

Appellant relies upon the insufficiency of the evidence to justify the decision and judgment. The only question which the Court had to determine was whether a conveyance from William Galt to his wife, Margaret Galt, was in fraud of, and void as to, a creditor of said William upon a pre-existing debt. We have examined the evidence as to the *bona fides* of the husband and wife in the conveyance, by the former to the latter, of the premises in controversy, and we are not satisfied that the findings of the Court are not so far supported by it, as to preclude this Court from disturbing the judgment. The declaration of homestead was clearly invalid.

Judgment and order affirmed.