[No. 8,034. Department One.—November 28, 1884.]

## FRANK P. BULL, RESPONDENT, v. CHARLES FORD, APPELLANT.

FRAUDULENT CONVEYANCE—INTENT TO HINDER, DELAY, AND DEFRAUD CREDITORS—SUBSEQUENT PURCHASER WITH NOTICE.—A conveyance of land made with intent to hinder, delay, and defraud the creditors of the grantor, is void as to such creditors, who may levy upon and sell the land as if no conveyance had been made; and such a conveyance will be set aside against the original grantee, or a subsequent purchaser from him with notice of the fraud.

ID.—PLEADING—SPECIAL DEMURRER.—An averment that a conveyance was made with "intent to hinder, delay, and defraud" the creditors of the grantor is sufficient to sustain a judgment for the plaintiff, in the absence of a special demurrer.

APPEAL from a judgment of the Superior Court of the county of Santa Clara, and from an order refusing a new trial.

The action was brought by the plaintiff, a purchaser of lands at an execution sale, against one Felipe Alvarado, to have a certain conveyance of such lands made by the judgment debtor to one Mendilla, and by him conveyed to the defendant, set aside as fraudulent and void against creditors of Alvarado. The further facts are stated in the opinion of the court.

*A. S. Kittredge*, and *Arthur Rodgers*, for Appellant.

*D. M. Delmas*, for Respondent.

ROSS, J.—That the conveyance of Felipe Alvarado of all his interest in the rancho San Bernarbé to Ascencion Mendilla was without consideration, and made by Alvarado solely for the purpose of hindering, delaying and defrauding his creditors, was distinctly found by the trial court, whose finding in that regard is not assailed.

The asserted interest of the defendant in the property is derived from a conveyance from Mendilla made at the instance and request of Alvarado. And with respect to that conveyance the finding is, that at the time the defendant took it he " well knew that the aforesaid conveyance from Alvarado to Mendilla was without any consideration and a sham, and had been made with intent to hinder, delay and defraud the creditors of Alvarado." It is urged that this finding is contrary to the evidence. But it is clear, under the rule prevailing here, that we cannot so hold.

The testimony of Alvarado and Mendilla, if true, was to the effect stated in the findings, and the credibility of the witnesses was for the court below to determine, and is not a matter for us to consider. Besides, the instruction given by defendant to Mendilla not to answer the inquiry by the attorney of one of Alvarado's creditors in respect to the conveyance from Alvarado to Mendilla, strongly tended to show knowledge on the part of defendant of the real nature of the transaction. We must, therefore, accept the finding as stating the truth of the matter. And with that fact established, the legal conclusion is the same, whether the further fact be as stated by defendant, that the conveyance to him, although absolute in form, was in reality as security only for certain advances made by him, or the firm of which he was a member, to and on account of Alvarado, or, as testified by Alvarado, that defendant took the title without consideration, to hold for Alvarado, to the end that the creditors of the latter be hindered, delayed and defrauded. (Bump on Fraud. Conv., pp. 483–4, 594–5; *Goodwin* v. *Hammond*, 13 Cal. 168 ; *Swinford* v. *Rogers*, 23 Cal. 236.) The conveyance to defendant being void, as against Alvarado's creditors, the creditors were authorized to levy upon and sell the property as if no conveyance had ever been made by their debtor. (Freeman on Executions, § 136, and authorities there cited.) This the creditor, under whom the plaintiff claims, did ; and by virtue of that sale, the interest of Alvarado in the property became vested in the plaintiff.

But one other point need be noticed, and that is the claim that the allegation of the complaint, that the conveyance in question was made " with intent to hinder, delay and defraud " the cred-

itors of Alvarado, is an insufficient allegation of fraudulent intent.   Whatever might be held if the point had been made by special demurrer, we think the allegation certainly sufficient after judgment, and in the absence of such demurrer.   The case of *Hager* v. *Shindler*, 29 Cal. 60, would, however, seem to sustain the averment in question, even in the face of a special demurrer.

Judgment and order affirmed.

McKINSTRY, J., and McKEE, J., concurred.

Hearing in Bank denied.