[S. F. No. 866. Department One.—September 14, 1898.]

## A. T. CUNHA, Respondent, v. MICHAEL HUGHES, Appellant.

ESTATES OF DECEASED PERSONS—COMMUNITY PROPERTY—DISTRIBUTION—RIGHTS OF WIDOW—ELECTION.—The surviving widow takes her rights in the community property by succession from the husband; and her rights therein are concluded by the decree of distribution of his estate, if not appealed from, whether she has elected to take her one-half interest, or to take a life estate in the whole under his will.

ID.—EFFECT OF DECREE OF DISTRIBUTION.—The decree of distribution, when final, becomes the measure of the rights of all claimants to the estate, and their rights are to be determined by the terms of the decree.

PARTITION—ALLOTMENT OF COMMUNITY PROPERTY TO HUSBAND AND WIFE.—The community character of property purchased by the husband is not changed by a subsequent decree in partition allotting it to the husband and wife jointly. That decree conferred no new or additional title upon the wife.

HOMESTEAD—DECLARATION BY WIFE.—A declaration of homestead by a wife must contain the statement required by section 1263 of the Civil Code, "showing that her husband has not made such declaration, and that she therefore makes the declaration for their joint benefit," and if it omits such statement it is ineffectual.

APPEAL from a judgment of the Superior Court of Santa Clara County and from an order denying a new trial. W. G. Lorigan, Judge.

The facts are stated in the opinion of the court.

J. C. Black, for Appellant.

Jackson Hatch, and E. M. Rosenthal, for Respondent.

HARRISON, J.—The plaintiff seeks by this action to quiet his title to an undivided half of a certain tract of land against the claim of the defendant. Judgment was rendered in his favor, and the defendant has appealed therefrom and from an order denying a new trial. The land in question is a part of the Milpitas rancho, and was conveyed in 1855 and 1856 to Michael Hughes, the father of the defendant and husband of Ellen

Hughes. Upon the conveyance of the land to him he and his said wife entered thereon, and continued in possession until his death. By his last will and testament he gave to his wife, Ellen Hughes, all of his property for her use during life, with a remainder in fee in the lands described in the complaint herein to two of his grandchildren. February 25, 1887, the superior court of Santa Clara county made its decree of distribution of his estate, by which it distributed the land in question to Ellen Hughes, his surviving widow, for the term of and during her life, with remainder in fee to Willie Hughes, and Allie Hughes, the grandchildren of Michael named in his will. Thereafter Willie Hughes conveyed his interest in the land to the plaintiff, and subsequently the defendant received a conveyance of the same land from Ellen Hughes, the surviving widow, and the two grandchildren, Willie and Allie. The court finds that the land was the community property of Michael and Ellen Hughes, and it is contended by the defendant that for that reason one-half of it descended to Ellen immediately upon the death of her husband, without power in the husband to make any testamentary disposition of the same.

As the surviving widow took her share of the community property by "succession" from her husband (*Estate of Burdick*, 112 Cal. 387), whatever right she may have in the estate of which he died seised is to be ascertained by the same means as is the right of any claimant to his estate, whether by succession or by will. Upon an application for the distribution of an estate, the entire world is notified to be present at the hearing, and to make known their claims, if any they have, to the estate of the decedent or any portion thereof, and the decree of distribution becomes a judicial determination of their claim, which, unless reversed, set aside, or modified upon appeal, is conclusive of their rights, the same as is a final judgment in any other action or proceeding. By giving the notice in the manner prescribed by the statute, the court acquires jurisdiction over all persons entitled to assert any claim to the estate, and, whether they appear and present their claim for adjudication, or fail to appear and suffer default, the judgment is conclusive upon them. The decree of distribution becomes the measure of the rights of all claimants to the es-

tate, and their rights are to be determined by the terms of this decree. (*William Hill Co. v. Lawler*, 116 Cal. 359; *Matter of Trescony's Trust*, 119 Cal. 568; *Jewell v. Pierce*, 120 Cal. 79.) Upon the hearing before the superior court on the application for distribution of the estate of Michael Hughes, his surviving widow could have presented her claim for an undivided half of his estate, and, if the court had erroneously refused to allow the claim, she could have appealed from the decree, and had the error corrected upon appeal. Her failure to do so renders the decree "conclusive" as to her right now to assert such claim. (Code Civ. Proc., sec. 1666.) It was within her privilege to elect to take in accordance with the will, rather than to claim her right as surviving widow to the one-half of the estate, and for the purpose of sustaining the decree of distribution, it may be assumed that she made such election. (See *Noe v. Splivalo*, 54 Cal. 207.) The cases cited by the appellant in support of his contention were direct appeals from the decree of distribution.

The community character of the property was not changed by reason of the decree in the suit in partition brought after its purchase by the husband, wherein the land in question was allotted to Michael Hughes and Ellen Hughes jointly. That judgment conferred no new or additional title, but merely ascertained and allotted to the parties to the suit their respective interests in the land. (*Wade v. Deray*, 50 Cal. 376; *McBrown v. Dalton*, 70 Cal. 89.)

August 31, 1874, while Michael and his wife Ellen were residing upon the land, she filed in the recorder's office a declaration of homestead thereon, in which she stated that she was married to and the wife of Michael Hughes, and at the time of making the declaration resided with her family upon the land (describing it), and also stated its cash value, and that she selected and claimed the same as a homestead. Section 1263 of the Civil Code, which was in force at that time, declares that when the declaration of homestead is made by the wife it must contain a statement "showing that her husband has not made such declaration, and that she therefore makes the declaration for their joint benefit." The declaration of Mrs. Hughes did not contain this statement, and it was therefore ineffective to impress

the land with the incidents of a homestead, so as to give to her the right of survivorship. (*Booth v. Galt*, 58 Cal. 254.)

The judgment and order are affirmed.

Garoutte, J., and Van Fleet, J., concurred.

Hearing in Bank denied.