NOURSE, J.,
 
 pro tem.
 

 In 1927 this defendant, Mary Ann Peyton, and her husband purchased with community funds a family home, taking title as joint tenants with right of survivorship. On January 8, 1935, the husband filed a declaration of homestead on the property, in which the wife did not join. On April 22, 1935, the husband died, and the property passed into probate for distribution to the widow.
 
 *157
 
 In 1934 these plaintiffs had foreclosed a mortgage on other land of the Peytons and on June 28, 1935, they secured a deficiency judgment against them. A controversy arose as to whether this judgment constituted a valid, subsisting lien against the homesteaded property. The plaintiffs therefore filed the present action for declaratory relief, praying to have their judgment declared a valid lien and the homestead declared invalid. Defendant widow answered alleging that the home was purchased and held as community property, despite the joint tenancy deed, and asking that the homestead be declared valid and free of the lien of plaintiffs’ judgment. Upon trial of the action the court permitted the widow to testify that she left all business transactions to her husband, and that she had always believed that they had acquired the home as community property, with community funds; that she knew nothing of taking record title as joint tenants with right of survivorship.
 

 The trial court found that although the deed described the grantees as joint tenants with right of survivorship, there was no intention on the part of either spouse to alter the character of the property from its community status to that of a joint tenancy and that said property, purchased with community funds, was and continued to remain community; hence the homestead filed by the husband was valid. Judgment followed declaring the homestead valid and free and clear of plaintiffs’ lien. Plaintiffs have appealed, arguing two main points.
 

 First question: Was it proper for the court below to admit parol evidence of community ownership to vary the terms of the conveyance to the husband and wife as joint tenants with right of survivorship? Appellants argue that it was improper. Both parties cite
 
 Siberell
 
 v.
 
 Siberell,
 
 214 Cal. 767 [7 Pac. (2d) 1003], which discusses the point without deciding it. The recent case of
 
 Cummins
 
 v.
 
 Cummins,
 
 7 Cal. App. (2d) 294, 304 [46 Pac. (2d) 284, 289], is cited in support of respondent’s position. The court there said: “In the presence of such undisputed evidence of both owners (testimony of spouses to vary terms of deed) there can be no question of their intention to hold the property as community property, regardless of the terms of the joint tenancy deed.’]
 

 It may be assumed from the statements made in both of these cases that the evidence of the intention of the parties was admitted without objection. In neither case was its ad
 
 *158
 
 missibility for that purpose squarely decided. Section 1856 of the Code of Civil Procedure limits the use of extrinsic evidence when the terms of the contract have been reduced to writing. Here the writing—the joint tenancy deed—was executed to husband and wife in 1927 upon their written request and mutual consent. The pleadings do not put in issue any mistake or imperfection in the writing, nor is the validity of the document in dispute. The purport of the testimony objected to is that the property was purchased from community funds and that the wife did not know that her name was on the deed as one of the grantees. From this testimony it is argued that there was no intention on the part of either spouse to alter the character of the property from its community status to that of a joint tenancy. There is no testimony of the intention of the husband, but this appears clearly upon the face of the writing. The wife having requested in writing the execution of the joint tenancy deed, she cannot defeat her act by testimony of a hidden intention not disclosed to the other party at the time of the execution of the document.
 
 (Brant
 
 v.
 
 California Dairies, Inc.,
 
 4 Cal. (2d) 128, 133 [48 Pac. (2d) 13].) Since the property was purchased with the earnings of the husband, which were community property, and, since the wife gave her written consent to the transfer of this community personal property into a joint tenancy estate in the realty, all the restrictions of sections 172 and 172a of the Civil Code were met, and no evidence of the secret and undisclosed intention of the wife was admissible.
 

 Second question: If the deed could not be varied by parol evidence, and we consider the homestead as one declared by the husband alone on joint tenancy property, then is that homestead valid?
 

 Section 1238, Civil Code, prior to 1929, provided: “ . . . the homestead may be selected from the community property, or the separate property of the husband, or, with the consent of the wife, from her separate property”. Section 1239 provided : “The homestead cannot be selected from the separate property of the wife, without her consent, shown by her making or joining in making the declaration of homestead.”
 

 In 1929 the legislature added the following sentence to section 1238: “Property, within the meaning of this section,
 
 *159
 
 includes any freehold title, interest, or estate which vests in the claimant the immediate right, of possession, even though such right of possession is not exclusive.” Section 1265 of the Civil Code provides: “ ... If the selection was made by a married person from the community property, or from the separate property of the spouse making the selection or joining therein, the land so selected, on the death of either of the spouses, vests in the survivor. ...” Section 663 of the Probate Code provides: “If the homestead . . . was selected . . . from the separate property of the person selecting or joining in the selection of the same, it vests, on the death of either spouse, absolutely in the survivor.”
 

 There is language in the Siberell case, supra, indicating that the estate of each spouse in a joint tenancy is the separate property of each, subject to the right of survivorship. Since the respondent herein consented to the creation of such an estate, she must be deemed to have given her husband all the incidents of such ownership. Bach having held the freehold title, subject to the right of survivorship, the interest, or estate, of the husband therein, coupled as it was with the right of immediate possession, was property within the meaning of section 1238 of the Civil Code, as amended, from which the husband was entitled to select a homestead. And, since this “property” was the separate property of the husband, the consent of the wife was not necessary.
 

 Prior to the amendment to section 1238 of the Civil Code, where the joint tenants were husband and wife, it was held that the wife alone, or the husband and wife together, could make a valid declaration of homestead upon the property held in joint tenancy.
 
 (Swan
 
 v.
 
 Walden,
 
 156 Cal. 195 [103 Pac. 931, 134 Am. St. Rep. 118, 20 Ann. Cas. 194]; 13 Cal. Jur., pp. 451, 452.) A different rule obtains as to joint tenants and tenants in common who are not husband and wife.
 
 (Schoonover
 
 v.
 
 Birnbaum,
 
 148 Cal. 548 [83 Pac. 999].) The Swan case rested upon the theory that the interest of each spouse in the joint tenancy was separate property and that the wife had the power to declare a homestead on her husband’s interest, though he had no such power over hers. This ruling was supported by numerous authorities. The amendment to section 1238 of the Civil Code followed these cases and declared that the “property” from which a husband could select a homestead was that “estate” which vests in the claim
 
 *160
 
 ant the immediate right of possession, even though such right of possession is not exclusive. It is such an estate that the husband has in property held in joint tenancy with his wife —a right of possession though not exclusive, but nevertheless a separate estate upon which he may declare a homestead. This estate covers the whole interest in the land, subject to the right of survivorship, and upon the death of the husband, the entire estate, subject to the homestead, vests absolutely in the survivor, and is not thereafter subject to the payment of any debt existing against either spouse at the time of death. (Section 663 of the Probate Code.)
 

 The judgment is affirmed.
 

 Seawell, J., Curtis, J., Edmonds, J., Langdon, J., and Waste, C. J., concurred.
 

 Rehearing denied.