[Civ. No. 3777.   Fourth Dist.   May 20, 1949.]

LAVERNE J. SOLOMON, Respondent, v. ROBERT M. PHILLIPS et al., Defendants; G. H. REIFF, Appellant.

(1)

Docker & Docker and Fred W. Docker for Appellant.

Ralph Robinson for Respondent.

BARNARD, P. J.—The plaintiff and the defendant Phillips were married in 1941. In October, 1944, they contracted for the purchase of a house and lot in Fresno which they occupied as a home. On February 19, 1945, this property was deeded to them as "Robert M. and LaVerne J. Phillips, husband and wife, as joint tenants." This deed was recorded on May 18, 1945. In December, 1945, these parties separated and the property was leased to the defendant McCluskey.

In February, 1946, the defendant Reiff obtained a judgment for $3,041.32 in an action against defendant Robert M. Phillips in the Superior Court of Los Angeles County. An abstract of this judgment was recorded in Fresno County on March 6, 1946. An execution sale was held under this judgment and a sheriff's certificate of sale was issued on December 9, 1947, and recorded on December 10, 1947, showing the sale to defendant Reiff of the interest of Robert M. Phillips and the community interest, if any, of LaVerne Phillips, also known as LaVerne J. Solomon, in this real property.

On April 12, 1946, the plaintiff obtained a divorce from the defendant Phillips in Nevada. Having remarried, she commenced this action on August 25, 1947. In the first three causes of action she sought a partition of this real property and other relief as against the defendant Phillips. In the

fourth and fifth causes of action she sought to quiet her title to this real property as against the defendants Reiff and McCluskey, respectively. At the trial the issues raised by the first three and the fifth causes of action were amicably disposed of, and the trial proceeded on the issues raised by the fourth cause of action. With respect thereto, the court found that during the married life of the plaintiff and the defendant Phillips they acquired this real property by their joint efforts; that the property was acquired by said parties and held by them as joint tenants from February 19, 1945, until December 10, 1947, when the interests of the defendant Phillips were terminated by an execution sale and the issuance of a sheriff's certificate of sale in favor of the defendant Reiff; that from said date the property has been held as tenants in common by the plaintiff and the defendant Reiff; and that the defendant Phillips has no further interest in said real property. As a conclusion of law, it was found that the plaintiff is entitled to a judgment declaring that she is the owner of a half interest in the property as a tenant in common with the defendant Reiff, and that Reiff is the owner of a half interest as a tenant in common with her. Judgment was entered accordingly, and the defendant Reiff has appealed from those portions thereof which award the plaintiff a one-half interest in the property as a tenant in common with him.

The appellant contends that this property was the community property of the respondent and Robert M. Phillips, that as such the entire property was liable for the husband's debts, and that his judgment lien, having been obtained before the parties were divorced, attached to the entire property.

It is first contended that it was admitted by the pleadings that this was community property; that the character of the property was therefore not in issue; and that the court erred in finding, contrary to the admission in the pleadings, that the property was held in joint tenancy. In the first cause of action it was alleged that the respondent and Robert M. Phillips acquired this real property during their married life by their joint efforts, and "that plaintiff is informed and believes and therefore alleges upon such information and belief that the property hereinabove described is the community property of the parties, or that they hold the same as tenants in common." These allegations were included by reference in the fourth cause of action, and were admitted by the answer of the appellant. This was not, as the appellant contends, an admission that this property was held by the

respondent and her former husband as their community property, and this issue was not thereby removed from the cause. The answer merely admitted that this property was either community property or property which was held as tenants in common. ■ Despite any insufficiency in the complaint, the case was tried solely on the issue as to whether this property had been held by respondent and her former husband as community property or as joint tenants. The respondent introduced the joint tenancy deed. The appellant confined his efforts to attacking the apparent legal effect of this deed, and introduced testimony by Mr. Phillips in an attempt to show an intention on his part, when the property was acquired, that it be taken as community property. No objection was made at any time to the sufficiency of the complaint in the respect here in question, or that the issue as to the community or joint tenancy character of the property was not properly before the court. In passing upon the materiality of certain evidence, the court remarked that the sole issue as between the respondent and the appellant, as he understood it, "is whether or not this property is actually joint tenancy property or whether it is community property." Respondent's counsel said: "That is right." Appellant's counsel said nothing, and the trial proceeded. Having been tried on this theory and this issue, it cannot be successfully contended for the first time on appeal that the court erred in finding on that issue. (*Grimes* v. *Nicholson*, 71 Cal.App.2d 538 [162 P.2d 934], and cases there cited.) It was not admitted in the pleadings that this was community property, and the court's finding is not contrary to such an admission.

■ It is next contended that the deed to the respondent and her former husband as joint tenants merely raised a disputable presumption that they took title as joint tenants; that this presumption may be overcome by the evidence of the actual intention of the parties; that the evidence here shows, without conflict, that no joint tenancy was intended and that the property was community property; and that the court should have so found. The argument that such a situation here appears is based upon the testimony given by the defendant Phillips, and that there is in addition "the positive allegation in plaintiff's amended complaint that the real property is community property which was admitted by defendant Reiff's answer." The supposed admission in the pleadings that this was community property must be eliminated, as above pointed out. The joint tenancy deed, and the presump-

tion arising therefrom, was a part of the evidence. The testimony given by Phillips was conflicting at best, and was not necessarily conclusive. In that part of his testimony which is most favorable to the appellant he was asked ''When this property was purchased, Mr. Phillips, as you have testified, what was your intention with respect to the property?'' He replied: ''I intended that to be our home, and that it should be our place to live, and our place to raise our child.'' He was then asked whether he intended to give his wife ''any other interest than a community interest.'' He replied: ''Our future home, and there that we would live indefinitely and raise our family there, and that—I don't know anything about the laws involved, but I thought that would be our community asset.'' Apart from the indefiniteness of this testimony Phillips did not testify that he had ever communicated his intention, whatever it was, to anyone else. Evidence of the undisclosed intention of one party to a solemn deed could hardly be held to be controlling on the issue here being tried by the court. (*Watson* v. *Peyton,* 10 Cal.2d 156 [73 P.2d 906].)

Moreover, the manner in which Phillips testified, the character of his testimony and such things as his bias and motives, were matters to be considered by the court in weighing his testimony. (*Blank* v. *Coffin,* 20 Cal.2d 457 [126 P.2d 868].) Phillips, who was the stepson of the appellant, displayed great animosity toward the respondent. While his memory was rather good on his direct examination, he was evasive and antagonistic while being cross-examined by respondent's counsel. During the cross-examination the court suggested that no further questions be asked along a certain line, saying: ''The court has observed the character of the memory of the witness.'' At the conclusion of Phillips' testimony the court remarked ''The evidence that is presented does not convince the court that the property was in any other than—what the record title shows,'' and that ''So far as the court is concerned it is joint tenancy property.'' After further argument, the court made findings to the same effect. It cannot be held, as a matter of law, that the presumption arising from the joint tenancy deed was overcome by the evidence here produced. Clear and satisfactory evidence should be required to upset the legal effect of such a deed, and this should be especially true under the situation which obviously existed here. The question was one of fact for the trial court, and the most that could be said is that the court's decision was made upon conflicting evidence.

A third point raised by the appellant is based upon the theory that the real property here in question was admittedly community property, and requires no further consideration.

The judgment is affirmed.

Griffin, J., and Mussell, J., concurred.