[Civ. No. 21442.   Second Dist., Div. Two.   Mar. 23, 1956.]

WALTER J. STRANGMAN, Appellant, v. GEORGE L. DUKE, Respondent.

Snyder & Fletcher and Owen E. O'Neil for Appellant.

George L. Duke, in pro. per., and Joseph Doyle for Respondent.

ASHBURN, J.—Walter J. Strangman, judgment creditor, appeals from an order directing respondent's homestead to be sold. On December 2, 1952, Strangman recovered judgment

against George L. Duke for $10,000, plus interest and costs; it was based upon an obligation created in February 1947, at which time the homestead exemption was $6,000. The judgment did not run against the wife, Esther H. Duke. The spouses owned a certain duplex property in undivided interests; one-half was vested in the wife as her separate property and one-half was held as joint tenancy estate of the two spouses. At least, that was the state of the record title.

On Sepember 15, 1952, said George L. Duke declared a homestead on the property, asserting therein "That, it is my intention to use and claim my undivided interest in the said lot of land and premises above described, together with the dwelling houses thereon, and its appurtenances, as a homestead." The wife did not join in the declaration. Strangman, after levy of execution, brought a proceeding pursuant to section 1245 et seq., Civil Code, for appointment of appraisers, sale of the property and payment of his debt out of the proceeds in excess of the statutory exemption. The court, after certain preliminary proceedings, found the value of the property to be $19,500 subject to a tax lien of $169.85; also that the land could not be divided without material injury; ordered a sheriff's sale of an undivided one-fourth interest in the premises at a price which must exceed $6,000[1] plus tax liens; distribution of the proceeds of sale was ordered as follows: (1) Payment of tax lien of $169.85; (2) payment of $6,000 to judgment debtor, George L. Duke; (3) satisfaction of Strangman's execution; and (4) balance, if any, to homestead claimant.

The arguments presented on appeal revolve around the limited nature of George L. Duke's title and the terms of his declaration.

The homesteading of property owned in undivided interests, such as joint tenancy or tenancy in common, has been a perplexing subject in this jurisdiction until recent years. Section 1238, Civil Code, now declares: "If the claimant be married, the homestead may be selected from the community property or the separate property of the husband or, subject to the provisions of section 1239, from the property held by the spouses as tenants in common or in joint tenancy or from the separate property of the wife. . . . Property, within the mean-

---

[1] The amount of exemption is governed by the law in effect at the time the debt is created. (*In re Rauer's Collection Co.*, 87 Cal.App.2d 248, 253-254 [196 P.2d 803].)

ing of this title, includes any freehold title, interest, or estate which vests in the claimant the immediate right of possession, even though such a right of possession is not exclusive.'' The Supreme Court decided in *Estate of Kachigian*, 20 Cal.2d 787, 790 [128 P.2d 865], that ''the former rule prohibiting the selection of a homestead from an undivided interest in property during the lifetime of the owner has been abandoned.'' In this respect *Estate of Davidson*, 159 Cal. 98 [115 P. 49], which held that one or both of the spouses could not impress a homestead upon the undivided half interest of a husband owned as tenant in common with his wife, has ceased to represent the prevailing rule.

Respondent's assertion in his declaration that he claims as a homestead his undivided interest is in consonance with the rule now prevailing, and cases decided before the change in the law are not controlling. ▮ Husband or wife may now declare a homestead on joint tenancy property without the consent of the other spouse. (*Watson* v. *Peyton*, 10 Cal.2d 156, 159 [73 P.2d 906].) ▮ When it comes to selling the property in a special proceeding against the husband (pursuant to Civ. Code § 1245 et seq.) that sale effects a severance of the spouses' interests and only the husband's interest can pass to the purchaser; the wife becomes a tenant in common with the new owner. (*In re Rauer's Collection Co.*, 87 Cal. App.2d 248, 259 [196 P.2d 803].) ▮ If dissatisfied therewith she may have a partition; thereupon the husband's homestead having been terminated, the wife may establish a new one if requisite facts such as residence, etc., be present. (40 C.J.S. § 13, p. 441; *Spencer* v. *Geissman*, 37 Cal. 96 [99 Am. Dec. 248].) In other words, the execution reaches and the sale conveys only the declaring husband's half of the joint tenancy interest (*cf. In re Rauer's Collection Co., supra*, 87 Cal.App.2d 248, 256; *Estate of Kachigian, supra*, 20 Cal.2d 787, 792).

In the instant case the entire property was appraised at $19,500 and the sale limited to a one-fourth interest conditioned upon receiving a bid of more than $6,000 for said interest. Appellant asserts that respondent was not entitled to the entire exemption because his interest was only one-fourth or a half of the entire property. There is no provision in our statute for apportionment of the exemption in any situation. (See *In re Miller*, (D.C., So. Cal.) 27 F.Supp. 999, 1001; *In re Rauer's Collection Co., supra*, at page 261.) And its theory is opposed to such treatment. ▮ The right to declare a homestead does not depend upon the nature of the

declarant's title, so long as he has some interest in the property which is a freehold vesting in him immediate right to possession, whether joint or exclusive. (25 Cal.Jur.2d § 25, p. 321.) And one who is entitled to make such a declaration is declared to be entitled to an exemption from enforcement of debts to a specified extent—in this case $6,000. Since the statute says that one owning an undivided freehold estate may declare a homestead, and that every homesteader is entitled to a specific exemption (Civ. Code, § 1240), the creditor has no complaint. The statute is aimed at a limited protection against his claim. While it is of no interest to the creditor whether allowance of a $6,000 exemption to the husband in the case at bar would be prejudicial to the rights of the wife, it is pertinent to inquire into this matter as a test of the soundness of the conclusion above indicated.

██ Husband and wife cannot have two homesteads, not even upon different properties (*Gambette* v. *Brock,* 41 Cal. 78, 84; *Bullis* v. *Staniford,* 178 Cal. 40, 44 [171 P. 1064]), and of course cannot have two homesteads upon different interests in the same property. The wife could not in the present instance declare a homestead because section 1263, Civil Code, provides: "The declaration of homestead must contain: 1. A statement showing that the person making it is the head of a family, and if the claimant is married, the name of the spouse; or, *when the declaration is made by the wife, showing that her husband has not made such declaration* and that she therefore makes the declaration for their joint benefit." (Emphasis added.) ██ Without the statement that the husband has not made a declaration one attempted by the wife is void. (*Booth* v. *Galt,* 58 Cal. 254; *Cunha* v. *Hughes,* 122 Cal. 111 [54 P. 535, 68 Am.St.Rep. 27]; *Hansen* v. *Union Sav. Bank,* 148 Cal. 157 [82 P. 768]; *Schuler-Knox Co.* v. *Smith,* 62 Cal.App.2d 86 [144 P.2d 47]; *Crenshaw* v. *Smith,* 74 Cal.App.2d 255 [168 P.2d 752]; *Santa Barbara Lbr. Co.* v. *Ross,* 183 Cal. 657, 659 [192 P. 436].)

██ It is doubtless true, as appellant now argues, that the husband's declaration inures also to the wife's benefit and protects her interest in joint tenancy property against her own creditors. (*Michels* v. *Burkhard,* 47 Cal.App. 162, 165 [190 P. 370]; *Yager* v. *Yager,* 7 Cal.2d 213, 219 [60 P.2d 422, 106 A.L.R. 664]; *Johnson* v. *Brauner,* 131 Cal.App.2d 713, 722 [281 P.2d 50]; *Keyes* v. *Cyrus,* 100 Cal. 322 [34 P. 722, 38 Am.St.Rep. 296].) ██ The exemption "extends

to the entire interest of both in the property. It has been specifically so held with respect to joint tenancies. This in the cases of *Swan* v. *Walden,* 156 Cal. 195, 200 [103 P. 931, 134 Am.St.Rep. 118, 20 Ann.Cas. 194]; *Watson* v. *Peyton,* 10 Cal.2d 156, 159-160 [73 P.2d 906]; *In re Miller,* (So.Dist., Cal.) 27 F.Supp. 999.'' (*Johnson* v. *Brauner, supra,* 131 Cal. App.2d 713, 722.) The result of this is that if the husband's creditors first pursue the statutory method of enforcing an execution he gets the benefit of the exemption, or if the wife's creditors move first she gets it; once the property is sold the homestead is gone and the question of apportionment of the exemption has exhausted its practical importance. Until such a sale is had it is for the benefit of both spouses that the one who is the judgment debtor have the full exemption. ''The policy underlying all homestead legislation, whether providing for the selection of a homestead by a person during his lifetime or by the court for his family after his death, is as stated in *Estate of Fath,* 132 Cal. 609, 613 [64 P. 995], 'to provide a place for the family and its surviving members, where they may reside and enjoy the comforts of a home, freed from any anxiety that it may be taken from them against their will, either by reason of their own necessity or improvidence, or from the importunity of their creditors,' and to this end a liberal construction of the law and facts will be adopted by the courts.'' (*Estate of Kachigian, supra,* 20 Cal.2d 787, 791.)

Appellant complains of the procedure pursued by the trial court, claiming that it was error to find upon the extent of respondent's interest in the premises and to limit the sale to an undivided one-fourth interest. In the present instance the declaration claims only an undivided interest without defining it and appellant argues in effect that that interest is a full half because the deed of a half interest to the wife as her separate property was and is fraudulent.

The gist of appellant's complaint about this procedure, as originally formulated, was that the finding that respondent owned a one-fourth interest in the premises would be res judicata in a later action brought by appellant to set aside as fraudulent the conveyance of the one-half interest to the wife. Respondent's own affidavit says that the judgment was based upon ''an alleged fraudulent transaction.'' It appears that the Dukes acquired the property as joint tenants on February 16, 1949, that a one-half interest was conveyed by the two spouses to the wife as her separate prop-

erty on September 3, 1952, and that the husband's homestead declaration was filed on September 15, 1952. The opening brief asserts, and it is not denied, that the deed to the wife was made just 15 days before the trial of the action which resulted in judgment in favor of plaintiff; that the deed is subject to attack by appellant as a fraudulent transaction and such an attack would be frustrated by the finding at bar under the familiar doctrine of res judicata.

The rule of res judicata does not apply to causes or issues which were not and could not be before the court in the first proceeding. (15 Cal.Jur. § 198, p. 151.) "A judgment is not an adjudication of those matters which were not and could not properly be relied upon and determined in the previous action, but is conclusive where the requisite jurisdiction exists, of all those matters which it clearly adjudicates." (*Maxfield* v. *Burtt*, 121 Cal.App.2d 102, 114 [262 P.2d 580].) There was no issue of fraud presented to the court in the instant proceeding. No such issue could have been tried herein and the order could not operate as res judicata in that respect.

It appears that all interests in the property are worth $19,500, that a one-fourth interest would be worth no more than $4,875, and as a bid of more than $6,000 must be received at the sale, appellant, the judgment creditor, has no real possibility of realizing anything upon his judgment if the sale is limited to a one-fourth interest, whereas, if the deed be proved to be fraudulent he may be able to reach a one-half interest presumably worth $9,750.

It is true, as appellant now contends, that a fraudulent conveyance is void, not voidable, as to creditors. Section 3439.09, Civil Code, provides that in case of a fraudulent conveyance the creditor may, except as to an innocent purchaser or encumbrancer "(2) disregard the conveyance and attach or levy execution upon the property conveyed." The Supreme Court in *Strong* v. *Strong*, 22 Cal.2d 540, 546 [140 P.2d 386], said: "Such conveyances are void as against creditors, under the express terms of Civil Code section 3439, in effect when the Uniform Fraudulent Conveyance Act was adopted in 1939, and of Civil Code section 3439.09, in effect thereafter. A creditor may levy execution on the property as if there had been no conveyance." As purchaser at his execution sale the judgment creditor acquires the legal title, not merely a right to set aside a voidable transfer.

(*Bull* v. *Ford,* 66 Cal. 176, 177 [4 P. 1175]; *Scholle* v. *Finnell,* 166 Cal. 546, 551 [137 P. 241]; *Gerry* v. *Northrup,* 102 Cal.App.2d 449, 452 [227 P.2d 857]; *Allen* v. *McGee,* 54 Cal. App.2d 476, 483 [129 P.2d 143]; *Knapp* v. *Elliott,* 81 Cal. App.2d 667, 675 [184 P.2d 934]; *Puccetti* v. *Girola,* 63 Cal. App.2d 240, 248 [146 P.2d 714]; *First Nat. Bank of Los Angeles* v. *Maxwell,* 123 Cal. 360, 371 [55 P. 980, 69 Am.St. Rep. 64]; 23 Cal.Jur.2d § 93, p. 539; 19 Cal.Jur.2d, § 188, p. 619; 37 C.J.S. § 308, pp. 1139-1140.) Any other purchaser at such sale acquires the same legal title (*Bull* v. *Ford, supra,* 66 Cal. 176, 177; *First Nat. Bank of Los Angeles* v. *Maxwell, supra,* 123 Cal. 360, 371); otherwise the rule designed to fully protect the creditor would be nullified in practical effect. For such purposes a tort claimant is an existing creditor, though his claim has not been reduced to judgment (*Allee* v. *Shay,* 92 Cal.App. 749, 759 [268 P. 962]).

While it is true that the code prescribes no specific procedure to be followed upon the sale where an undivided interest is involved, and section 187, Code of Civil Procedure, becomes applicable,[2] we have concluded, upon reconsideration of this case, that it is error in dealing with the sale of an undivided interest, especially where a fraudulent transfer of the debtor's property is claimed, to define the extent of the debtor's undivided interest in the order of sale or to specify the exact amount of undivided interest to be sold. While the order is not res judicata in that respect (authorities *supra*) it nevertheless creates a practical limitation upon the bidding, and a purchaser who would follow the sale with a quiet title action is thereby confronted with the difficulty of showing that the order defines only the record title of the debtor and establishing the absence of res judicata as well as the fact of fraud in the debtor's conveyance. This hurdle should not be interposed between the judgment creditor and his ultimate realization upon his execution; to do so does not amount to an exercise of a proper discretion.

Paragraph (2) of the findings of fact in the order now on appeal is modified to read: "(2) The said defendant and his wife, Esther H. Duke, are co-owners of said property;

[2] § 187. "When jurisdiction is, by the constitution or this code, or by any other statute, conferred on a court or judicial officer, all the means necessary to carry it into effect are also given; and in the exercise of this jurisdiction, if the course of proceeding be not specifically pointed out by this code or the statute, any suitable process or mode of proceeding may be adopted which may appear most conformable to the spirit of this code."

defendant owns an undivided interest, the extent of which is not before the court for determination.''

Paragraph (2) of the conclusions of law is modified to read as follows: ''(2) That the plaintiff is entitled to an Order of this Court directing the sale of the Defendant's interest only (not the interest of his wife) in said property under the execution issued out of said Judgment, provided that at said sale no bid shall be received for defendant's said undivided interest in said property unless it exceeds the homestead exemption of $6,000.00 and said lien, and, if said sale is made, the proceeds shall be applied as provided in Section 1256 of the Civil Code of the State of California.

Paragraph III of the order is modified by striking therefrom the words and figures, ''one-fourth (1/4).''

As thus modified the order is affirmed.

Moore, P. J., and Fox, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied May 15, 1596.