**In re Arthur Gary DILL, Claudia Lee Dill, James Edward Emmerich, Ann Louise Emmerich, Gerald A. Aguilar, Sr., Lorretta Mae Aguilar, Debtors.**

**Bankruptcy Nos. 4–79–03260WL, 4–79–03235WL and 4–79–03057WL.**

United States Bankruptcy Court, N. D. California.

May 20, 1980.

On Reconsideration Oct. 1, 1980.

objections." [of 5 U.S.C. 8901 *et seq.*, The Federal Health Benefits Act of 1959]

Robert L. Ward, Oakland, Cal., for the Dills.

Michael D. Cooper, Hayward, Cal., for the Emmerichs.

Paul R. Bernhardt, Hayward, Cal., for the Aguilars.

Bill H. Lampi, Hayward, Cal., in pro per.

## MEMORANDUM RE TRUSTEE'S OBJECTIONS TO CLAIMS OF EXEMPTIONS

CAMERON W. WOLFE, Bankruptcy Judge.

The trustee's objections to the debtors' claims of exemptions were heard together on February 14, 1980. By agreement, the three objections were heard together, and it was agreed further that the arguments of counsel, both oral and written, would be considered by the court with respect to the three matters.

In each instance, married debtors filed a joint petition in which one spouse under 11 U.S.C. § 522(b)(2) claimed a head of family California homestead exemption in real property used by both spouses as the family residence, title of the property being in joint tenancy and claimed by the parties to be the separate property of each person as to his or her interest, and the other spouse claimed the federal exemptions including the $7,500 residential exemption § 522(d)(1).

The trustee's position is that under these circumstances the California Homestead Exemption may be allowed in full to the debtor claiming it but is applicable only to that debtor's equity in the property, namely, one–half of the total equity of the spous-

es in the property. The other spouse would then be entitled to claim the federal residential exemption of $7,500 (plus $400 if not otherwise used § 522(d)(5)), as against his or her one–half interest in the total equity. This result is said to result from § 522(m): "This section shall apply separately with respect to each debtor in a joint case." He concludes that any conflict between the California law and the Bankruptcy Code must be resolved in favor of the Code, U.S. Const. Art. I, § 8, Clause 4.

Debtors maintain that by California law, the Homestead Exemption protects the interests of both parties in the amount of $40,000 (unless reduced by the doctrine of *England v. Sanderson*, 236 F.2d 641 (9th Cir. 1956) and that the other spouse who has not claimed California exemptions can have the use of the $7,500 residential exemption under Federal law for application to whatever purpose desired including the exemption of equity in the home in excess of the California homestead protection.

Counsel for debtors argue that under well–established California law, either spouse may claim a homestead in any property in which either or both of them has an interest, whether separate or community, that the exemption inures to the benefit of the spouse not claiming it as well as to the claiming spouse and that the non–claiming spouse cannot unilaterally impair the protection of the family home, citing *Walton v. Walton*, 59 Cal.App.2d 26, 138 P.2d 54; *Johnson v. Brauner*, 131 Cal.App.2d 713, 281 P.2d 50; and *Strangman v. Duke*, 140 Cal. App.2d 185, 295 P.2d 12. To sustain the trustee's position, they say, would effectuate a severance of the interests of the parties in the homestead protection contrary to this law. They also point out that the California courts have enunciated a strong policy in support of liberally construing the protection of the homestead. *Schoenfeld v. Norberg*, 11 Cal.App.3d 755, 90 Cal.Rptr. 47.

Their argument is reinforced by the language of the federal exemption, 11 U.S.C. 522(d)(5), permitting debtor to exempt "the debtor's aggregate interest, not to exceed in value $400 plus any unused amount of the exemption provided under ¶ (1) [the $7,500 residential exemption] of this subsection, in any property," and the plain statement of subsection (m) quoted above that the exemptions shall apply separately to each debtor.

The trustee's position would result in the spouse claiming the California Homestead effecting a protection of up to $40,000 in that spouse's interest in the property and the other spouse claiming the federal exemption having only up to $7,900 exemption in his equity. Debtors say they are entitled to exempt their equity in their home up to $47,900, adding the California and federal exemptions.

■ In the opinion of this court, the statutory language under consideration should be interpreted to carry out the Congressional purpose of affording to debtors the benefits of the exemption statutes of their state of residence or of the Bankruptcy Code, whichever they deem to their advantage. In interpreting the California exemption, California law should be applied as the effect of § 522(b) is to incorporate such law into the Bankruptcy Code thereby rendering it federal law on this subject. As relevant here, California affords to either spouse the right to protect property both use as a residence without reference to the wishes of the other spouse who is barred from subjecting his equity in the homestead to claims of his or her creditors without the consent of the selecting spouse. Moreover, only one homestead may be claimed by the spouses. *Strangman v. Duke*, 140 Cal. App.2d 185, 295 P.2d 12. The California courts consistently have stated the policy favoring the protection of the family home from creditors by means of the homestead exemption in the strongest terms. For example, in the case of *Phelps v. Loop*, 64 Cal.App.2d 332, 148 P.2d 674, the court stated:

"The tranquility of society and the prevalence of a healthy social order are factors that must have been paramount in the legislative mind in ordaining the right of a family to hold and enjoy, without let or hinderance, the realty they have designated as their terrestrial abode."

The decisions of *Rich v. Ervin*, 86 Cal. App.2d 386, 194 P.2d 809, and *Schmidt v. Denning*, 117 Cal.App. 36, 3 P.2d 322, contain statements to the same effect. See *Lee v. Brown*, 18 Cal.3d .110, 132 Cal.Rptr. 649, 553 P.2d 1121: "... the law favors homesteads. They are constitutionally authorized, statutorily enacted and liberally protected (citations). Our duty is to harmonize as far as possible the foregoing important rights preserving the rights of appeal and homestead while protecting the legitimate interests of the creditor."

Thus, in each of the cases at bar, one spouse having claimed a California homestead, the jointly owned property is protected up to an equity of $40,000 for the benefit of both spouses and the non–claiming spouse cannot by filing a petition for relief claiming federal exemptions or otherwise alter his or her situation as being included in the protection of the California homestead. I conclude that the $40,000 exemption (subject to possible *England v. Sanderson*, as modified by *Swenor v. Robertson*, 452 F.Supp. 673 (N.D.Cal.1978) considerations) protects the equity interests of both spouses and the trustee cannot jeopardize the homestead by asserting a claim resulting from the unilateral act of one of the spouses. The question remains as to the status of the Federal claiming spouse's $7,500 federal residential exemption. To the extent that this spouse is receiving the benefit of a greater protection by virtue of the California homestead which is expressly designed to protect the entire interests of both spouses for the benefit of both, it appears manifestly unfair to permit this claimant the benefit of an additional $7,500 residential exemption. The problem, however, is the above–quoted language of § 522(d)(5) allowing the debtor to apply any unused amount of the residential exemption to any property. In a detailed analysis of the exemption system contained in the Bankruptcy Code, my colleague, the Hon. ROBERT L. HUGHES, has traced the legislative history of this portion of the statute as a compromise between the exponents of a uniform federal exemption and those favoring retention of the system of allowing only state exemptions, referring to the statement in the report of the House of Representatives that this clause was included "in order not to discriminate against the non–homeowner." H.R.Rep. 595, 95th Congress, First Session, page 361." Code Exemptions: Far–Reaching Achievement" 28 DePaul Law Review 1025.

In construing a statute innumerable cases instruct that the language of the statute is to be construed if reasonably possible to carry out the intent of the lawmakers and its meaning is to be arrived at not only by consideration of the words themselves but by considering the context, the purposes of the law, and the circumstances under which the words are employed. See for example, *Puerto Rico v. Shell Co.*, 302 U.S. 253 at p. 258, 58 S.Ct. 167, 82 L.Ed. 235 at p. 169 (1937). In *Vermilya–Brown Co. v. Connell*, 335 U.S. 377, 69 S.Ct. 140, 93 L.Ed. 76, the court considering the meaning of a word nowhere defined in the legislation commented that no specific indication of the purpose of Congress appeared and remarked, page 388, 69 S.Ct. page 146: "Under such circumstances, our duty as a court is to construe the word 'possession' as our judgment instructs us the lawmakers, within constitutional limits, would have done had they acted at the time of the legislation with the present situation in mind."

The Ninth Circuit Court of Appeals has stated in *Acheson v. Fujiko Furusho*, 212 F.2d 284, 295 (1954), "It is the duty of this court to give effect to the intent of Congress. Primarily this intent is ascertained by giving the words their natural significance but if this leads to an unreasonable result plainly at variance with the legislation as a whole, we must examine the matter further. We may then look to the reason of the enactment and inquire into its antecedent history and give it effect in accordance with its design and purpose, sacrificing, if necessary, the literal meaning in order that the *purpose* may not fail."

The construction given an exemption statute must comport with the underlying policies of both the Bankruptcy Code and

the state law. *In re Gould*, 457 F.2d 393, 395 (5th Cir. 1972).

■ Considering the avowed purpose of the statutory provisions under consideration to allow debtors to elect between the State homestead or Federal exemption and not to discriminate with respect to non-property owning debtors, § 522(d)(1) and (5) should be held to provide that to the extent a debtor's equity in his residence has been protected by a state homestead, whether claimed by a debtor or his spouse, the residential exemption provided by subdivision (1) has been used within the meaning of subdivision (5). This construction gives full effect to the strong policy in favor of protecting the home and avoids the unreasonable result of giving one spouse double protection. Thus, if a debtor's one-half equity ownership in the home jointly owned with a spouse who has claimed the California homestead exemption claims the Federal exemptions, the Federal $7,500 residential exemption has been used to the extent that the debtor's equity has been protected by the California Homestead Exemption. If the equity so protected is less than $7,500, the excess should be available for application to other property of the debtor.

The court concludes that the cases at bar should be disposed of as follows:

*ARTHUR GARY and CLAUDIA LEE DILL.* The wife's claimed exemption under California Homestead Law appears to exempt the entire equity valued by debtors at $8,050. The husband's claimed Federal residential exemption of $7,500 has been used to the extent of $4,025. The balance can be applied to other items. Trustee or debtor may request further proceedings to determine the amount of equity and applicability of *England v. Sanderson–Swenor* considerations.

*JAMES EDWARD and ANN LOUISE EMMERICH.* The husband's claim of a California Homestead of $40,000 would exempt the entire stated equity of $36,590.48, unless reduced by *England v. Sanderson–Swenor* considerations. Wife's $7,500 Federal residential exemption has been used. Further proceedings will be conducted if requested to determine applicability of *England v. Sanderson–Swenor* considerations and if applicable to fix amount of equity.

*GERALD A. and LORRETTA MAE AGUILAR, SR.* The wife has claimed a California homestead exemption in the amount of $30,000; the husband has not claimed any residential exemption. The $30,000 exemption applicable to the interests of both spouses would appear to exempt their entire equity in the property stated to be $9,000. Order will be entered accordingly unless the trustee requests hearing to determine amount of equity.

## MEMORANDUM FOR ORDER ON RECONSIDERATION

Following the issuance of this court's Memorandum Re Trustee's Objections to Claims of Exemptions in the above cases, counsel for debtors requested reconsideration upon the ground that the court's proposed ruling differed from the interpretation of the Code urged by them and also differed from the trustee's position and, therefore, had not been briefed nor argued. Under these circumstances and because of the significance of the resolution of this question, not only to the debtors in these cases but to the many debtors similarly situated, the request was granted, the question was reargued and was resubmitted.

In addition to the arguments of counsel, the court has considered the memorandum of intended decision filed on August 20, 1979, by the Hon. Seymour J. Abrahams, Bankruptcy Judge, Northern District of California, in the case of Mario and Teresa Ancira, No. 5–79–00348–A, in which he concluded that the position urged by debtors in these cases is the proper interpretation of the Code.

I do not find a direct answer to the question presented in the explicit language of the Code nor a complete answer in the legislative history. I, therefore, consider the overall scheme of the Code with respect to exemptions and the various considerations which presumably would have entered

into the decision had Congress specifically addressed this matter. The intent of Congress is plain that debtors may elect to claim the uniform federal exemptions or the exemptions available to them under the laws of the state of their domicile "in the alternative" (§ 522(b)). Subdivision (m) of § 522 provides that it (the exemption section) shall apply separately with respect to each debtor in a joint case. § 302(a) authorizes the commencement of joint cases only by married persons.

It seems clear that the purpose of subdivision (m) is to eliminate ambiguity as to the right of spouses filing jointly to each claim a set of exemptions so that they are not disadvantaged by filing jointly. I do not read into this subdivision the disadvantageous result contended for by the trustee which deprives them of the full protection of the State homestead exemption that Congress intended to give to them as an alternative to the Federal residential exemption, nor do I read into it any intent that by one spouse claiming a homestead exemption which by state law protects the interests of both in the jointly owned property any intent that the other spouse can claim a duplicating exemption in the same property by electing the Federal exemption.

I remain of the opinion that the fairest resolution of the issue is to afford to the spouse claiming the homestead exemption the full protection of the home which the California law provides but to disallow the claim of the other spouse under the Federal residential exemption to the extent that it duplicates the benefit already received under the State law.

The decision of the Hon. William A. Scanland disallowing duplicating exemptions claimed is instructive concerning the question here considered. See *In re Ageton* (D.Ariz.1980) 5 B.R. 323, 6 B.C.D. 706. Arizona's homestead exemption law resembles California's in that it allows husband and wife to claim only one homestead (*Strangman v. Duke*, 140 Cal.App.2d 185, 295 P.2d 12; 37 Cal.Jur.3d 343).

The trustee is instructed to submit an order in each case consistent with this and the original memorandum, provided that in the case of Arthur and Claudia Dill, the debtors' equity having been valued at $16,100, the order will be that the husband's claimed Federal residential exemption of $7,500 has been used in that his one-half of the equity protected by the homestead exceeds that amount.