309 F.2d 806
 63-1 USTC P 9105
 EMPLOYERS MUTUAL CASUALTY COMPANY, Appellant,
v.
George W. HINSHAW, Trustee in Bankruptcy for Collins and
Kiser Construction Company, and the United States
of America, Appellees.
 No. 17072.
 United States Court of Appeals Eighth Circuit.
 Nov. 16, 1962.
 
 Mark W. Putney, Des Moines, Iowa, D. J. Fairgrave, Bradshaw, Fowler, Proctor & Fairgrave, Des Moines, Iowa, on the brief, for appellant.
 Fred E. Youngman, Attorney, Dept. of Justice, Washington, D.C., Louis F. Oberdorfer, Asst. Atty. Gen., Washington, D.C., and Meyer Rothwacks, Attorney, Washington, D.C., and Donald A. Wine, U.S. Atty., Des Moines, Iowa, on the brief, for the United States.
 Charles King, Marshalltown, Iowa, George W. Hinshaw, trustee-appellee and Charles King, Marshalltown, Iowa, on the brief, for appellee George W. Hinshaw, Trustee in Bankruptcy for Collins and Kiser Const. Co.
 Before JOHNSEN, Chief Judge, and MATTHES and RIDGE, Circuit Judges.
 RIDGE, Circuit Judge.
 
 
 1
 In this bankruptcy proceeding the District Court, on petition to review, filed pursuant to Section 39, sub. c of the Bankruptcy Act (11 U.S.C.A. 67, sub. c), rejected as 'clearly erroneous' the Referee's conclusory finding 'that there was no reasonable cause' for appellant, a surety on a completion bond, 'to believe bankrupt was insolvent at the time' it received from the bankrupt two chattel mortgages covering specified automobiles and machinery and transfers of title to other assets of the bankrupt.
 
 
 2
 The question presented to us by this appeal is whether the District Court, without hearing any additional evidence, erred in entering judgment herein disallowing appellant a 'preferred creditor' status in this bankruptcy proceeding under Section 60 of the Bankruptcy Act (11 U.S.C.A. 96) which the Referee allowed. As a consequence, we are again confronted with the applicability of the 'clearly erroneous' standard of Rule 52, Federal Rules of Civil Procedure, 28 U.S.C.A., to an undisputed factual situation appearing in a bankruptcy proceeding.
 
 
 3
 'In this circuit the clearly erroneous standard is to be applied to the referee's findings and not those of the district court' where as here the District Court on petition to review filed under Section 39, sub. c, supra, rejects the Referee's finding and enters judgment contra thereto without hearing any additional evidence. O'Rielly v. Endicott-Johnson Corp., 297 F.2d 1 (8 Cir.1961); Gross v. Fidelity & Deposit Company of Maryland et al., 302 F.2d 338 (8 Cir.1962).
 
 
 4
 However, in the case at bar it clearly appears from the opinion of the District Court, reported at 204 F.Supp. 42, that the findings of the Referee were rejected, (1) because 'the Referee erred in concluding as a matter of law that (a) general assignment (made) to the (appellant) under the (a) performance bond application created an equitable lien giving the (appellant's) total claim secured status prior in right to the claims of the Trustee and the United States'; and, (2) because 'unperfected secret assignment cannot prevail against the Trustee' so as to create a 'preferred status' claim under Section 60 of the Bankruptcy Act (11 U.S.C.A. 96).
 
 
 5
 From his opinion, supra, it is manifest that District Judge Stephenson considered that the primary facts adduced before the Referee, when categorized in applicable principles, rules and standards, compelled a 'legal concept' to be given thereto, that established the Referee's conclusory findings to be mixed questions of law and fact, 'subject to judicial review, and on such review, the court may substitute its judgment for that of the' Referee. Bogardus v. Commissioner, 302 U.S. 34, 39, 58 S.Ct. 61, 82 L.Ed. 32; Weible v. United States, 244 F.2d 158 (9 Cir.1957; Goldberg v. Commissioner, 223 F.2d 709 (5 Cir.1955). If that be the proper vista from which the Referee's findings in the case at bar should be considered, then it is obvious that, in effect, only a question of law was presented to the District Court in this review proceeding, and also to us by this appeal, which if properly applied demonstrates the Referee's findings to be 'clearly erroneous' because 'a mistake has been committed' within the ambit of United States v. United States Gypsum Company, 333 U.S. 364, 395, 68 S.Ct. 525, 541, 92 L.Ed. 746.
 
 
 6
 '* * * What facts are significant and determinative in this matter depends upon the standard by which a court looks at the question and evaluates the facts and decides which facts are important and which are relatively unimportant. The conclusion that certain facts are or are not helpful in deciding the question is a question of legal standard, or legal concept, and is one for a court to decide as a question of law.' Kelly v. United States Steel Corp., 284 F.2d 850, 852 (3 Cir.1960).
 
 
 7
 'A legal conception is a legally defined category into which a case may be fitted so that, when certain situations of fact come within the category, a series of rules and principles and standards become applicable.' Pound, 'Jurisprudence', Vol. 2, p. 127.
 
 
 8
 Without presently sounding out the process by which a 'legal concept' is determinable we merely note, among other things, that primarily it requires a separation of fact from applicable law and that the 'clearly erroneous' standard compels utilization of such process. The standards of that process are aptly set forth in the enlightening opinion of Judge Frank, in Orvis v. Higgins, 180 F.2d 537, 538 (2 Cir.1950). Consequently we do not restate that matter here. See also, comment in Moore's Federal Practice, Vol. 5, Chap. 52.04, 52.05.
 
 
 9
 In the case at bar it is apparent that such 'process' was applied by the District Court in this review proceeding. That is made manifest from the summary of facts and applicable law as stated in District Judge Stephenson's opinion, supra. In the light of the charity thereof and because we are convinced he has correctly stated applicable law to such facts, no useful purpose would be served for us to restate or rephrase the same in this opinion. The facts are not complicated or in dispute. The principles, rules and standards applicable thereto are readily comprehensible.
 
 
 10
 To demonstrate the correctness of Judge Stephenson's application of law to the facts in the case at bar, we need only to note that the primary facts adduced before the Referee clearly establish that appellant was aware of facts which caused it to specially inquire of bankrupt as to its financial condition on December 3, 1958, a critical date in light of the provisions of Section 60, sub. a of the Act, supra. It is likewise clear that the only investigation made by appellant in respect to that subject matter, was for its vice-president to interview officers of bankrupt and made an examination of its own financial files which only contained financial statements emanating from this bankrupt. The record here is devoid of evidence as to any other inquiry ever having been made by appellant into the financial condition of this bankrupt at the above critical time. The only reasonable inference to be made from the established facts is that if appellant had reasonably made further inquiry as to this bankrupt's financial condition at such time it would have disclosed to it the fact that bankrupt was insolvent on December 3, 1958, which stands admitted in the record. Appellant's vice-president testified before the Referee that all information received by it as to bankrupt's then financial condition, from various creditors and other sources, was negative or adverse to the financial stability of the bankrupt. The only reason given by appellant as to why it did not make any other or further inquiry into the then financial condition of the bankrupt before demanding and receiving the preferential assignments in question, is that its vice-president testified he believed and solely relied on the statements of bankrupt's principal officers when they told him that 'they were merely short of working capital' and under the circumstances he accepted such statement to be an existing fact.
 
 
 11
 When the above primary facts are considered in relation to other facts as set forth in Judge Stephenson's opinion, supra, and the totality thereof properly categorized and squared with universally accepted rules, principles and standards, we think it is made manifest as a matter of law that the 'clearly erroneous' standard was correctly applied to the Referee's findings in the case at bar. This, notwithstanding Judge Stephenson considered his power to do so as stemming only from General Order 47, supra, and not Rule 52, supra;[1] and that he made findings of fact contra to those of the Referee only from the record evidence.[2]
 
 
 12
 A prime legal concent engendered by the evidence in the case at bar is that in a case such as this:
 
 
 13
 '* * * an inquiry of the debtor only (as to his solvency) is generally insufficient, where his answer, under the circumstances, could readily have been found to be untrue. As a matter of fact, it is the creditor's cause for belief and not the debtor's knowledge, or lack of it, that is important. And if the creditor fails to make an inquiry when he had a duty to do so, he will be charged with all the knowledge which he would have acquired had he conducted such an investigation.' Collier on Bankruptcy, Vol. 3, pp. 996-997, and cases cited.
 
 
 14
 Paraphrasing what Judge Sanborn of this Court said in Brown Shoe Co. v. Carns, 8 Cir., 65 F.2d 294, 297, cert. den. 290 U.S. 695, 54 S.Ct. 130, 78 L.Ed. 598, where evidence of 'reasonable cause to believe' a debtor was insolvent was the issue: There was, perhaps, no direct evidence that on December 3, 1958, appellant knew that the liabilities of this debtor exceeded it assets. However, it appears appellant by its conduct has established that it had knowledge of facts which caused it to investigate bankrupt's then solvency. Applicable law negatives any right in appellant to place 'any substantial reliance upon' this bankrupt's statement 'that it was not insolvent.' Particularly is this true when, as here, appellant, after receiving the assignment in question, knew that it had taken assignments to a large portion of the property of this bankrupt as security for a preexisting debt, which property necessarily would be required by it to continue its ordinary business operations. As Judge Sanborn said (65 F.2d loc. cit. 297):
 
 
 15
 'In order to recover (the voidable transfers here), it was not necessary for the trustee to show that the creditor actually knew that a preference was being effected. (Citing cases.)
 
 
 16
 'It was only necessary that the circumstances established by the evidence be such as would lead a reasonably prudent man to that belief. (Citing cases.)
 
 
 17
 'Mere suspicion is insufficient. (Citing cases.) And the reasonable cause for belief must be one that a preference would result, not merely that it might result. (Citing cases.)
 
 
 18
 'While it has been held that the knowledge of the failure of a debtor to discharge his obligations promptly is alone insufficient to establish reasonable cause to believe that a preference is being effected (citing cases), knowledge of * * * (facts which would lead a reasonable person to make an inquiry is considered to be) evidence tending to show reasonable cause for such belief.'
 
 
 19
 We said, in Coder v. McPherson, 8 Cir., 152 F. 951, 953:
 
 
 20
 'Notice of facts which would incite a man of ordinary prudence to an inquiry under similar circumstances is notice of all the facts which a reasonably diligent inquiry would disclose.'
 
 
 21
 No fact appears in the record here from which an inference can be made that by a reasonably diligent inquiry appellant, acting as a reasonable person, would have had no cause to believe that this bankrupt was not insolvent on December 3, 1958. The Referee was entitled to make reasonable inferences from the facts before him concerning that issue, but he was not empowered to make unreasonable inferences or conclusions thereon.
 
 
 22
 By Finding of Fact No. 4 (204 F.Supp. l.c. 45) as made by the Referee, it is clear that the total amount of appellant's 'preferred status' claim was allowed in a legal concept that an 'assignment contained in an application' made by this bankrupt for the performance bonds in question was deemed to be a perfected general assignment. Judge Stephenson demonstrates that such assignment was not perfected 'in accordance with Iowa Law * * *' so that it could not 'prevail against the Trustee under Section 70, sub. c of the Bankruptcy Act, 11 U.S.C.A. 110.' Appellant does not contest that ruling in this appeal. Instead, in its brief here, under heading 'Question Raised by the Appeal' it states:
 
 
 23
 'The sole claim of the appellant in this appeal is that the district court erred in setting aside, as voidable preferences, its chattel mortgages on the heavy equipment and motor vehicles and disallowing its claim of secured status and priority as to those proceeds based upon the chattel mortgages. Appellant makes no further claim of priority or secured status with respect to the balance of its $27,032.54 initial claim over and above the proceeds realized from the sale of the mortgaged assets as stated above.'
 
 
 24
 That the 'two chattel mortgages' now relied on by appellant to sustain a 'secured status' in this bankruptcy proceeding were preferential transfers within the ambit of Section 60, sub. a, subject to being 'avoided' under 60, sub. b of the Bankruptcy Act, supra, is manifest as a matter of law and just as apparent from Judge Stephenson's opinion as is his ruling in respect to the general assignment originally relied on by appellant to sustain such a claim in the case at bar.
 
 The judgment appealed from is
 
 25
 Affirmed.
 
 
 
 [1]
 See Gross v. Fidelity & Deposit Co. of Md. et al., 302 F.2d 338 (8 Cir. 1962). 'An appellate court reviews judgments, not the reason which may be given in their support. It is only common sense that if, on the record before us, we determine that the judgment is correct, it should be affirmed, regardless of the correctness of the reasons which may be given to support it.' Continental Ore Co. v. Union Carbide and Carbon Corp., 289 F.2d 86, 89 (9 Cir. 1961), rev. on other grounds, 370 U.S. 690, 82 S.Ct. 1404, 8 L.Ed.2d 777
 
 
 [2]
 We have in the past indicated that where a district judge is of the opinion that a correct result has not been reached on facts, by a decision of the referee in bankruptcy, he should not undertake to make independent findings of fact merely from record evidence in review proceeding under Section 39, sub. c supra, except where, as here, the processes on which the Referee's findings rest constitute legal injustice. Otherwise, if new or additional findings are to be made 'he may soundly exercise a discretion to receive or require additional evidence' adduced before him and 'determine from the entire record thus before him' what correct result under applicable law should be reached. 'Whether oral evidence shall be received or required in the proceedings before him is, of course, a matter for his sound discretion and is not a matter of right to the parties.' Dunsdon v. Federal Land Bank of St. Paul, 137 F.2d 84 (8 Cir. 1943). Manifestly, when a district judge so proceeds it is his findings of fact and conclusion to which the 'clearly erroneous' standard of Rule 52, F.R.Civ.P. should be applied