Peter M. ELLIOTT, Trustee in Bankruptcy of Kenneth P. Ostman and Douglas L. Ostman, Bankrupts, Appellant,

v.

Kenneth P. OSTMAN and Douglas L. Ostman, Appellees.

No. 19360.

United States Court of Appeals Ninth Circuit.

Jan. 5, 1965.

■

Joseph S. Potts, Craig, Weller & Laugharn, Los Angeles, Cal., for appellant.

Charles J. Lusin, Smith, Lusin & Hafer, Orange, Cal., for appellees.

Before BARNES and ELY, Circuit Judges, and PENCE, District Judge.

ELY, Circuit Judge.

Appellant, the Trustee of two bankrupt estates, questions the correctness of the District Court's affirmance of an Order of the Referee in Bankruptcy. The Order allowed the claimed homestead exemptions of the bankrupts against the Trustee's contention that the bankrupts' homestead declarations were fatally deficient under California law.

Subdivision 4 of Section 1263 of the California Civil Code, read with Section 1267 of the same Code, provides that a declaration of homestead "must" contain an estimate of the "actual cash value" of the premises for which the exemption is claimed.

Here, each of the bankrupts filed a declaration of homestead on the same day, and twenty-five days later, each filed his bankruptcy schedule. The homestead declaration of one estimated the cash value of his premises at $2,500.00, whereas, in his bankruptcy schedule, it was recited that the premises had a value of $19,137.27 with recorded encumbrances of $16,637.27. The declaration of the other specified $4,000.00 as the cash value of his premises, while his bankruptcy schedule fixed the value at $19,000.00 and mentioned recorded encumbrances of $15,000.00.

It is clear that both bankrupts, in the estimates of cash value contained within their homestead declarations, fairly fixed the amounts of their equity interests in the respective premises. In so doing, they, in our opinion, reasonably and substantially complied with the requirements of the applicable California statutes.

The Bankruptcy Act, 11 U.S.C.A. § 24, requires that State law be applied in the determination of whether or not claimed exemptions are to be allowed. Historically, California has interpreted her exemption statutes with liberality, Lentfoehr v. Lentfoehr, 134 Cal.App.2d Supp. 905, 286 P.2d 1019 (1955), North British & Mercantile Ins. Co. v. Ingalls, 109 Cal.App. 147, 292 P. 678 (1930), and has been particularly jealous in the guarding and preservation of homestead rights. Strangman v. Duke, 140 Cal. App.2d 185, at 190, 295 P.2d 12, at 17 (1956), In re Shepardson, 28 F.2d 353 (D.C.1928). Indeed, Section 4 of the Civil Code of California, adopted in 1872, provides that:

> "The rule of the common law, that statutes in derogation thereof are to be strictly construed, has no application to this Code. The Code establishes the law of this State respecting the subject to which it relates, and its provisions are to be liberally construed with a view to effect its objects and to promote justice."

We invite attention to a Memorandum Decision. In the Matter of Morse, S.D. Cal., Sept. 29, 1964, 237 F.Supp. 579. There, District Judge Stephens carefully analyzes all principal decisions which bear upon the problem of fair interpretation of the requirements of Section 1263, C.C. He relies principally upon Ames v. Eldred, 55 Cal. 136 (1880), which long ago held that "$5,-000.00 and over" was inadequate as a statement of actual cash value in a homestead declaration and concludes, whether correctly or incorrectly we do not say, that a stated value of "in excess of $12,500.00" did not meet the statutory requirement. At the same time, however, he points to the rule, consistently announced by California's courts, that a California declarant, to protect his homestead exemption, need do no more than to comply "substantially" with the requirements of Section 1263, C.C. Applying this rule, and recognizing that a required declaration of "actual cash value" necessarily calls for nothing more precise than the expression of an opinion or estimate, District Judge Stephens, in another recent Memorandum of Decision, held that a homestead declarant's *bona fide* use of the value of his equity interest in premises, although unspecified as such, as his statement of actual cash value in his homestead declaration represented substantial compliance with the statutory requirement. In the Matter of Eade, Bankruptcy No. 161, 017–S, S.D.Cal. 1964, 237 F.Supp. 320.

In passing, it should be mentioned that the wisdom of the requirement of a statement of "actual cash value" has long been questioned. In 1889, the Supreme Court of California, sitting in bank, said:

> "It is difficult to imagine the precise purpose of this provision. It is admitted on all hands that the correctness or incorrectness of the estimate has no effect whatever upon the validity of the claim."

If it is to be the State's declared policy to protect homestead rights with zealous care, then it would seem that the requirements for their establishment should be meaningful and simply unambiguous. Surely it is not unreasonable that a homestead declarant should, in stating the "actual cash value" of the premises, choose a figure representing the cash amount which he himself might reasonably expect to recover upon the then sale of the premises with retirement or assumption of existing encumbrances thereon.

Affirmed.