**In re Barbara Lois SCHNEIDER, Debtor, Appellant,**

**and**

**Mike Nolden, Trustee in Bankruptcy, Appellee.**

**No. C-80-3698-MHP.**

United States District Court, N. D. California.

Jan. 20, 1981.

Siegfried Hesse, Robert L. Ward, Ward & Rinn, Oakland, Cal., for appellant.

Irving J. Kornfield, Kornfield & Koller, Oakland, Cal., for appellee.

## OPINION

MARILYN HALL PATEL, Bankruptcy Judge.

This is an appeal by the debtor from an order of the Bankruptcy Court sustaining the trustee's objection to the debtor's homestead exemption claim. The basis of the objection is the debtor's method of computing the exemption and arriving at the equity to which the bankruptcy estate is entitled.

The debtor, Barbara Lois Schneider, and her spouse, Wolf Dieter Schneider, filed and recorded a declaration of homestead on January 21, 1980 on residential property which they hold in joint tenancy. A voluntary petition for relief under Chapter 7 was filed by the debtor on January 23, 1980. The trustee does not dispute the validity of the homestead exemption. Both parties agree that the debtor is entitled under California law to a homestead exemption in the amount of $30,000.

In determining the equity in the homesteaded property left to the bankruptcy estate the debtor deducts the total encumbrances of $65,000 from the value of the real property which is $110,000. She then deducts the $30,000 homestead exemption from her one-half interest in the joint ten-

ancy which is $22,500. This, of course, leaves no available equity to the bankruptcy estate. The trustee computes the equity by deducting the exemption from the total equity of $45,000 and then deducts the non-debtor's one-half interest. This leaves a $7,500 equity in the estate.

The Bankruptcy Court upheld the trustee's method of computation ordering, without opinion, that the estate be "determined to be an undivided one-half interest in an amount which is arrived at by subtracting from the total value of said property ... [the encumbrance] and the $30,000 homestead exemption."

Before the Bankruptcy Court and on appeal the trustee has relied upon the holding in *In re Joseph Michael Bonant*, 5 BCD 1105, 1 B.R. 335 (Bkrtcy.C.D.Cal.1979).

The debtor maintains that this position is erroneous because it is contrary to and rejects applicable California non-bankruptcy law, particularly as set forth in *Schoenfeld v. Norberg*, 11 Cal.App.3d 755, 90 Cal.Rptr. 47 (1970) and its antecedents. As will be discussed more fully below, the *Bonant* court categorically rejected application of *Schoenfeld*.

■ On review this Court must accept the referee's findings of fact unless clearly erroneous. No error in the factfinding is claimed. Appellant maintains only that the bankruptcy judge erred in his conclusions of law. Such error is reviewable by this Court which is free to make its conclusions on the findings. *In re Cabezal Supermarket, Inc.*, 406 F.Supp. 345 (D.N.D.1976); *Employers Mutual Casualty Co. v. Hinshaw*, 309 F.2d 806 (8th Cir. 1962).

■ It is fundamental to federal bankruptcy law that where a debtor chooses to exempt property under applicable state provisions the interpretation of those provisions is to be guided by state law and state court decisions. 3 Collier On Bankruptcy ¶ 522.23 (15th ed. 1979). The extent of such exemptions is to be governed by applicable state non-bankruptcy law. *Elliott v. Ostman*, 340 F.2d 581 (9th Cir. 1965).

■ A long-accepted policy of the State of California recognized by its courts is that homestead exemptions are to be liberally construed. *Yager v. Yager*, 7 Cal.2d 213, 60 P.2d 422 (1936); *Estate of Kachigian*, 20 Cal.2d 787, 128 P.2d 865 (1942). This principle finds approval in federal bankruptcy interpretations as well. *In re Murrell*, 588 F.2d 1207 (8th Cir. 1978), *cert. denied*, 441 U.S. 950, 99 S.Ct. 2177, 60 L.Ed.2d 1055 (1979).

■ More specifically to this case, the state courts have ruled that where a judgment creditor seeks enforcement by writ of execution against property held in joint tenancy by the debtor and his or her non-debtor spouse "the interest *subject to sale* must exceed in value the statutory homestead exemption ... before the interest may be sold under execution." *Schoenfeld, supra*, at 764–65, 90 Cal.Rptr. 47. In other words in order to determine whether there is equity subject to sale the homestead exemption is deducted solely from the debtor's interest which is one-half of the total value less encumbrances. Unlike in *Schoenfeld*, there is no contention that the joint encumbrances are deducted only from the debtor's interest and that issue need not be considered here.

The *Schoenfeld* ruling is consistent with an earlier district court of appeals decision in *Strangman v. Duke*, 140 Cal.App.2d 185, 295 P.2d 12 (1956), in which the homestead exemption was taken only from the husband's one-fourth joint tenancy interest. Because his interest was less than the allowable exemption the creditor was unable to force a sale.

■ The trustee in bankruptcy stands in no better position than a judgment creditor under state law. However, the trustee here argues that the state law as laid down in *Schoenfeld* should not apply for at least one of the reasons that it was rejected in *Bonant*, namely, that where the cases did not deal with interpreting homestead provisions together with applicable bankruptcy provi-

sions, the bankruptcy court is free to adopt its own interpretation of California law.[1]

The only authority offered for this proposition is the *Bonant* case itself. However, this conclusion flies in the face of the long precedent of cases holding otherwise. *See Elliott v. Ostman, supra; Lockwood v. Exchange Bank*, 190 U.S. 294, 23 S.Ct. 751, 47 L.Ed. 1061 (1903); *In re Cummings*, 413 F.2d 1281 (10th Cir. 1969), *cert. denied sub nom., Sears, Roebuck & Co. v. Horton*, 397 U.S. 915, 90 S.Ct. 918, 25 L.Ed.2d 95 (1970); *Esten v. Cheek*, 254 F.2d 667 (9th Cir. 1958); *Williams v. Wirt*, 423 F.2d 761 (5th Cir. 1970). In fact, it renders them meaningless since nearly all state court interpretations of the exemption provisions are in a non-bankruptcy context. Appellee gratuitously offers, again without authority, that "there seems to be no question but that the bankruptcy court *should* have that power." (Appellee's Memorandum on appeal at 3, ls. 31–32) (emphasis added). In fact, the federal courts have always felt bound to follow state law in this regard.

The rationale used by the trustee and the *Bonant* court to justify this departure is that otherwise the purpose of the bankruptcy laws could be frustrated by a non-filing spouse filing at a later date and claiming the homestead exemption.

■■■ A clear reading of *Schoenfeld* and *Strangman* shows that this is not possible. The homestead exemption is not apportionable and there is only one exemption as between husband and wife. " . . . [I]f the husband's creditors first attempt to execute on the homesteaded property, the husband gets the benefit of the exemption; if the wife's creditors move first, she gets it." *Schoenfeld, supra*, at 763, 90 Cal.Rptr. at 52, citing *Strangman, supra*, at 190, 295 P.2d at 16.

The debtor, Barbara Lois Schneider, has first filed and claims the family homestead exemption declared jointly by her and her husband. If her husband subsequently files in bankruptcy he may claim only those exemptions to which he is entitled under state law. Under that law there is no allowable homestead exemption because that exemption has already been asserted by his spouse. Thus the fear of the trustee is unfounded.

The trustee also argues that under the new Bankruptcy Code, which is applicable in this case, the *Schoenfeld* decision should not apply. The distinction he notes between the former Act and the new Code is that under the Act the trustee took title to all non-exempt property of the debtor. Under the Code, however, all property of the debtor passes into the bankruptcy estate and the debtor may exempt from the estate certain property provided for by state or federal law. While the nature and extent of the trustee's rights, powers and interest differ under the new Code, there is nothing that gives support to the claim that applicable state law may now be ignored or that the Bankruptcy Court is free to render its own interpretation of that law. In fact, section 522(b)(2)(B) of Title 11, U.S.C. (1979) provides that the individual debtor may exempt from property of the estate

"any interest in property in which the debtor had, immediately before the commencement of the case, an interest as a tenant by the entirety or joint tenant to the extent that such interest as a tenant by the entirety or joint tenant is exempt

1. The appellee-trustee wisely declines to urge and in fact disagrees with the other reason the *Bonant* court gives for not following *Schoenfeld*, i. e., that it was not decided by the highest court of the state. This rationale is in clear conflict with a long line of authority. *See West v. American Tel. & Tel. Co.*, 311 U.S. 223, 236–37, 61 S.Ct. 179, 183, 85 L.Ed. 139, 144 (1940); *Fidelity Union Trust Co. v. Field*, 311 U.S. 169, 177–78, 61 S.Ct. 176, 178, 85 L.Ed. 109, 112–13 (1940); *Stoner v. New York Life Ins. Co.*, 311 U.S. 464, 467, 61 S.Ct. 336, 338, 85 L.Ed. 284, 287 (1940); *Six Companies of Cal. v. Joint Highway Dist.*, 311 U.S. 180, 188, 61 S.Ct. 186, 188, 85 L.Ed. 114, 117–18 (1940); *Community Nat'l Bank v. Fidelity & Deposit Co.*, 563 F.2d 1319, 1321 n.1 (9th Cir. 1977).

In fact, *Schoenfeld* has been cited approvingly by the highest court of the State of California in *Lee v. Brown*, 18 Cal.3d 110, 113, 132 Cal.Rptr. 649, 650, 553 P.2d 1121, 1122 (1976) and *Caito v. United Cal. Bank*, 20 Cal.3d 694, 701, 144 Cal.Rptr. 751, 754–55, 576 P.2d 466, 470 (1978).

**492**

from process under *applicable nonbankruptcy law*." [emphasis added].

A plain reading of this unambiguous statement of law leads to the inexorable conclusion that the amount and method of calculation is to be determined by state nonbankruptcy law as enunciated in *Schoenfeld.* Any other conclusion may result in a diminution or inflation of the debtor's interest under section 522. It is that interest that is intended to be protected both by the Bankruptcy Code and the California homestead provisions.

For the foregoing reasons the Order of the Bankruptcy Court is reversed and the matter is remanded for further proceedings in accordance with this decision.