In re Sandra Lee **BARTLETT**, Debtor.

**TEXACO, INC.,** Appellant,

v.

Sandra Lee **BARTLETT,** Appellee.

**BAP No. NC 82–1012 EVK.**

**Bankruptcy No. 4–81–01524 HN.**

United States Bankruptcy Appellate Panels of the Ninth Circuit.

Argued April 16, 1982.

Decided Oct. 14, 1982.

J. Frank McCabe, Goorjian, McCabe & Potter, San Francisco, Cal., for appellant.

Henry Gross, San Francisco, Cal., for appellee.

Before ELLIOTT, VOLINN and KATZ, Bankruptcy Judges.

## MEMORANDUM

ELLIOTT, Bankruptcy Judge:

Texaco appeals the allowance of a homestead exemption.  We affirm.

### FACTS AND ISSUES PRESENTED

On April 30, 1981 the debtor filed her Chapter 7 petition.  The debtor's husband had previously filed a petition under the Bankruptcy Act on July 10, 1979.  He had filed a joint declaration of homestead on the property located at 2148 Ramona Drive, Pleasant Hill, California on March 30, 1978.  Based upon that filing, he claimed and was allowed a $30,000 homestead exemption.  One of the debts discharged in the husband's bankruptcy was approximately $8,000 owing to Texaco for credit purchases.

The Texaco liability of $8,000 was guaranteed by the debtor, Mrs. Bartlett.  Texaco sued her and obtained a judgment.

Mrs. Bartlett scheduled her interest in the Ramona Drive property as a "communi-

ty interest" standing in the couple's names as "joint tenants." She claimed a $45,000 homestead exemption based upon her husband's joint 1978 declaration of homestead. At oral argument it was stipulated that the fair market value of the property at the time of the debtor's petition was $95,000 and that the property was encumbered for approximately $60,000, leaving the family approximately $35,000 in equity.

Texaco, relying primarily upon *In re Schneider,* 9 B.R. 488, 491 (D.N.D.Cal.1980), argued that the exemption should be denied because there is only one exemption as between husband and wife, and there is now no allowable homestead exemption left for the debtor to claim because the exemption had already been asserted by her spouse in his prior bankruptcy.

The trial court allowed the exemption, but made no findings regarding the amount of the exemption or the value of the property. Texaco appealed only the court's denial of its objection. Thus, the only issue before this panel is whether an exemption is allowable.

## DISCUSSION

Texaco's reliance on *Schneider, supra,* is misplaced. In that case, Mr. and Mrs. Schneider held title to their homesteaded residence as joint tenants. Mrs. Schneider filed a petition under Chapter 7 of the Code. Mr. Schneider did not join in the petition. The bankruptcy court calculated and allowed Mrs. Schneider's exemption by deducting the total encumbrances of $65,-000 from $110,000, the value of the residence, leaving an equity of $45,000. Then the court deducted the $30,000 homestead exemption leaving a balance of $15,000, and allocated one-half to the debtor, leaving one-half or $7,500 as property of the estate.

On appeal, the district court reversed, holding that *Schoenfeld v. Norberg,* 11 Cal. App.3d 755, 90 Cal.Rptr. 47 (1970) controlled. Under the *Schoenfeld* rule, $110,-000, the value of the Schneider residence is divided equally to determine the value of the joint tenant's interest in the property. Next the encumbrance of $65,000 is deduct-

ed from $55,000 (the value of the co-tenant's interest) leaving a negative figure even before application of the debtor's homestead. Therefore, nothing remained as property of the estate.

■ Putting aside the effect of encumbrances on the property, *Schoenfeld* stands for the proposition that where husband and wife hold property as joint tenants, the entire homestead exemption "floats" between their interests until one or the other's creditors can force a sale. A sale can be forced only if the judgment debtor's undivided fractional interest in the property is larger than the entire exemption. The homestead exemption is not used up each time it is asserted as a shield, but rather, only when the property is sold. It permanently protects both spouse's undivided fractional interest in the property until it is determined that a sale can be forced. If a sale can be forced, then the exemption is allocated to the judgment debtor's interest and no longer "floats" between the joint interests. Then when the property is sold, the homestead exemption ceases to exist. Thereafter, the spouse whose interest is not sold may obtain a new homestead. See *Strangman v. Duke,* 140 Cal.App.2d 185 at 188, 295 P.2d 12.

Although we agree that *Schneider* was correctly decided in reliance on *Schoenfeld,* it is distinguishable because the case before us involves the community property interest of Mr. and Mrs. Bartlett, not the separate joint tenancy interest of either.

Texaco relies on the following statement in the *Schneider* case at Page 491:

The debtor, Barbara Lois Schneider, has first filed and claims the family homestead exemption declared jointly by her and her husband. If her husband subsequently files in bankruptcy he may claim only those exemptions to which he is entitled under state law. Under that law there is no allowable homestead exemption because that exemption has already been asserted by his spouse.

We express no opinion as to the correctness of that statement where the interest of

a joint tenant is concerned. We do hold that the statement is not controlling under the facts before us.

■ Under the Bankruptcy Code, virtually all of a couple's California community property becomes part of the estate of the first spouse to file a petition. See Code § 541(a)(2), § 101(6); see generally, Code § 726(c), § 524(a)(3), § 524(b). There is no potential for attempting to offset each spouse's one-half share of the homesteaded property by a full exemption in each estate because the first filing spouse's estate contains the couple's entire interest in the property. The exemption of a community property homestead does not forever disappear simply because it has been asserted as a shield against creditors in a bankruptcy any more than it disappears each time a creditor unsuccessfully seeks to execute on it outside of bankruptcy.

Finally we note that the debtor's claim in this case does not enlarge the exemption. If nothing else, the statement in *Schneider* giving rise to Texaco's claim exhibited great concern that the law be construed so that spouses filing bankruptcy petitions separately not obtain a larger or smaller exemption than they would obtain by filing together. Had the debtor filed her petition at the same time as her husband, the homestead would have been just as immune to the claims owed by her as to those owed by her husband. The trial court's decision does not give the couple two exemptions but preserves the right to assert the one exemption as many times as is necessary to protect the property from execution.

AFFIRMED.