In re Malcolm William
McFALL, Debtor.

John M. ENGLAND, Trustee, Appellant,

v.

Malcolm William McFALL, a/k/a M.W. McFall, M.W. McFall Corporation, Marina Village Investors, a California limited partnership, Appellees.

BAP No. NC–89–1580–AsOR.
Bankruptcy No. 388–00537–E–LK.

United States Bankruptcy Appellate Panel of the Ninth Circuit.

Argued and Submitted on Feb. 14, 1990.

Decided April 10, 1990.

Charles F. Bethel, Carr, McClellan, Ingersoll Thompson & Horn, San Francisco, Cal., for appellant.

Michelle K. Rubin, Palo Alto, Cal., for appellees.

Before ASHLAND, OLLASON and RUSSELL, Bankruptcy Judges.

## OPINION

ASHLAND, Bankruptcy Judge:

The trustee appeals the bankruptcy court's holding that the debtor was entitled to apply a $45,000 homestead exemption against his share of the proceeds from the sale of the family residence. We affirm.

## FACTS

Malcolm W. McFall, the debtor, resided at 815 Berkeley Avenue, Menlo Park, California with his wife, and minor son. McFall filed a Chapter 11 petition in February, 1988 claiming a homestead exemption in the residence under Cal.Civ.Proc.Code. § 704.730(a)(2). Mrs. McFall, the debtor's wife, did not join in her husband's bankruptcy petition. On September 7, 1988 the bankruptcy court entered an order approving the sale of the residence for $735,000. The order did not specify the amount of the homestead exemption.

Mr. McFall held title to the residence as tenant in common with his wife. Mr. and Mrs. McFall each owned a one-half interest in the residence. The parties agree that Mrs. McFall's interest in the residence is her separate property and as such is not property of Mr. McFall's bankruptcy estate. The escrow on the sale of the residence closed on October 14, 1988 for a total price of $735,000. After satisfaction of three trust deeds and other costs, the McFalls were left with $133,783.74 to divide. Mrs. McFall received $66,891 as her half. Of the remaining $66,891 Mr. McFall received $45,000 by virtue of his homestead exemption and $21,891 as debtor-in-possession on behalf of the estate.

This case was converted to Chapter 7 on November 30, 1988 and John M. England was appointed trustee on February 26, 1989. The trustee objected to Mr. McFall's claim of a homestead exemption in the proceeds from the sale of his residence. The trustee contends that the $45,000 exemption is divisible between Mr. and Mrs. McFall on account of her one-half interest in the property. Thus, Mr. McFall's exempt share of the $66,891 in net proceeds should be $22,500 and not $45,000. The trustee argues that Mr. McFall should remit the excess $22,500 to the estate. Mr. McFall argues that Cal.Civ.Proc.Code § 704.730 grants him a $45,000 exemption in his half of the proceeds. The bankruptcy court held that Mr. McFall was entitled to exempt $45,000 from the estate's proceeds in the sale of the residence. The trustee timely appealed.

## ISSUES

1. Whether the bankruptcy court was correct in holding that Cal.Civ.Proc.Code § 703.110(a)(2) and § 704.730(a) & (b) entitle the debtor to claim the entire $45,000 exemption when his spouse did not file bankruptcy and owns an interest in the residence as separate property.

2. Whether the debtor and his minor son qualify as a family unit under § 704.730(b).

## STANDARD OF REVIEW

The interpretation of Cal.Civ.Proc.Code § 704.730 as it pertains to the apportionment of the exemption between spouses and to the definition of the family unit is a question of law to be reviewed *de novo*. *See In re Cole*, 93 B.R. 707, 708 (9th Cir. BAP 1988).

## DISCUSSION

At the outset we note that the present case deals with the application of the automatic homestead exemption and not the

declared homestead exemption. *See* Cal. Civ.Proc.Code §§ 704.710 *et seq.* & 704.910 *et seq.* However, in analyzing the issues at hand this distinction is not relevant.

■ The trustee contends that Mr. McFall must share his homestead exemption with his wife under Cal.Civ.Proc.Code § 704.730(a)(2). Section 704.730(a)(2) provides:

> (a) The amount of the homestead exemption is one of the following:
>
> (2) Forty-five thousand dollars ($45,-000) if the judgment debtor or spouse of the judgment debtor who resides in the homestead is at the time of the attempted sale of the homestead a member of a family unit, and there is at least one member of the family unit who owns no interest in the homestead or whose only interest in the homestead is a community property interest with the judgment debtor.

Cal.Civ.Proc.Code § 704.730(a)(2). The trustee argues that the $45,000 exemption under § 704.730(a)(2) must be apportioned. However, under § 704.730(b) apportionment is required when both spouses are entitled to the exemption. Section 704.-730(b) provides:

> (b) Notwithstanding any other provision of this section, the combined homestead exemptions of spouses on the same judgment shall not exceed the amount specified in paragraph (2) or (3), whichever is applicable, of subdivision (a), regardless of whether the spouses are jointly obligated on the judgment and regardless of whether the homestead consists of community or separate property or both. Notwithstanding any other provision of this article, *if both spouses are entitled* to a homestead exemption, the exemption of proceeds of the homestead shall be apportioned between the spouses on the basis of their proportionate interests in the homestead.

Cal.Civ.Proc.Code § 704.730(b) (emphasis added).

The language of § 704.730(b) plainly states that if both spouses are entitled to the homestead exemption then apportionment will be necessary. The debtor argues that § 704.730(b) does not require apportionment in this case because Mrs. McFall is not entitled to claim the homestead exemption. Those entitled to claim the homestead exemption are listed in § 703.020(b). Section 703.020(b) provides:

> (b) The exemptions provided in this chapter may be claimed by any of the following persons:
>
> (1) In all cases, by the judgment debtor or a person acting on behalf of the judgment debtor.
>
> (2) In the case of community property, by the spouse of the debtor, whether or not the spouse is also a judgment debtor under the judgment.

Cal.Civ.Proc.Code § 703.020(b)(1), (2).

The present case does not involve community property as both parties agree that Mrs. McFall's one-half interest as tenant in common in the Menlo Park residence is her separate property. Therefore, § 703.020(b)(2) is inapplicable. Section 703.020(b)(1) does apply and clearly indicates that only a judgment debtor or someone acting on behalf of the judgment debtor can claim the homestead exemption. Mr. McFall is the debtor and, therefore, is entitled to claim the homestead exemption under § 703.020. Mrs. McFall is not entitled to claim any part of the exemption under § 703.020(b). This conclusion is in keeping with the purpose of the statute which is to protect a judgment debtor whenever a creditor attempts to levy on the homestead. *Knox v. Lines*, 463 F.2d 561, 566 (9th Cir.1972).

The trustee further argues that in enacting the 1982 legislation the Law Revision Commission and the Legislature gave conscious consideration to the treatment of the exemption for married persons including the situation where one spouse was a judgment debtor and one was not. According to the trustee, the Legislature intended to limit the number of exemptions to one per "marital unit." Thus, the proceeds from the exemption are to be apportioned between husband and wife in order to prevent the wife from later filing a separate peti-

tion and again claim an exemption. Section 703.110(a) provides:

If the judgment debtor is married:

(a) The exemptions provided by this chapter or by any other statute apply to all property that is subject to enforcement of a money judgment, including the interest of the spouse of the judgment debtor in community property. The fact that one or both spouses are judgment debtors under the judgment or that property sought to be applied to the satisfaction of the judgment is separate or community does not increase or reduce the number or amount of the exemptions. Where the property exempt under particular exemption is limited to a specified maximum dollar amount, unless the exemption provision specifically provides otherwise, the two spouses together are entitled to one exemption limited to the specified maximum dollar amount, whether one or both of the spouses are judgment debtors under the judgment and whether the property sought to be applied to the satisfaction of the judgment is separate or community.

Cal.Civ.Proc.Code § 703.110(a). As previously indicated § 704.730(b) provides that if both parties are entitled to a homestead exemption the proceeds shall be apportioned. Although the purpose of the above cited portions of § 703.110(a) and § 704.730(b) is to prevent debtors from claiming "unduly large amounts," the statutes are not intended to prevent a family unit from claiming the total exemption allowed under § 704.730(a)(2). Cal.Civ.Proc. Code § 704.730 Legislative Committee Comment (1982). The fact that only Mr. McFall is the debtor and that he owns the Menlo Park property as a tenant in common with his wife, does not increase *or* reduce the amount of the exemption under § 703.110(a). Thus, Mr. McFall is entitled to claim the total $45,000 exemption.

Furthermore, the trustee's concern that unless an apportionment is ordered, Mrs. McFall will be able to file her own bankruptcy petition and again claim the entire $45,000 exemption is unfounded. Section 703.110(a) prevents this occurrence

as it makes clear that the two spouses together are entitled to one exemption limited to the specified maximum dollar amount, in this case $45,000.

In addition, *Schoenfeld v. Norberg* indicates that where both husband and wife hold property in separate interests; the homestead exemption "floats" between the two interests and is not used up when it is asserted as a shield; but is only used up when the property is sold. 11 Cal.App.3d 755, 763–64, 90 Cal.Rptr. 47 (1970). Thus the trustee's concern that Mrs. McFall will later assert another $45,000 exemption is unfounded as Mr. McFall has already exhausted the only exemption available to the two spouses.

According to the trustee, the legislative history dictates the apportionment of the exemption between Mr. and Mrs. McFall. However, it seems unlikely that the legislature would intend the apportionment of the homestead exemption in the case at hand when, as explained above, the plain language of the statute indicates otherwise. Furthermore, after reviewing the California Law Revision Commission Report and the Legislative Committee Comment to § 704.730, it appears that the intent of the Legislature is not as the trustee contends. Cal.Civ.Proc.Code § 704.730 Legislative Committee Comment (1982); California Law Revision Commission, 1982 Creditors' Remedies Legislation at 1029–1030, 1080–1081 (1982). The Commission does demonstrate concern over parties receiving unduly large exemptions. California Law Revision Commission at 1029–1030, 1080–1081. However, there is no language in the comments that indicate the Legislature's intent to preclude a debtor who is otherwise entitled to claim an exemption from claiming the full amount of the exemption. The Legislature's apparent concern was to prevent spouses from claiming multiple exemptions that exceed the specified maximum dollar amount to which they are entitled. Legislative Committee Comment (1982).

The trustee also contends that due to the enactment of Cal.Civ.Proc.Code § 704.730(b), cases which permit a married

debtor who owns a separate interest in the homestead along with his spouse to claim the entire amount of the homestead exemption, have been superseded. *See Schoenfeld v. Norberg,* ⊥1 Cal.App.3d 755, 90 Cal. Rptr. 47 (1970); *see also In re Reed,* 89 B.R. 100 (Bankr. C.D.Cal.1988); *In re Schneider,* 9 B.R. 488 (Bankr.N.D.Cal. 1981). In *Schoenfeld,* as in the present case, only one spouse was allowed to claim the homestead exemption, therefore, apportionment was not at issue. *Schoenfeld* is not superseded because § 704.730(b) contemplates only those situations where both spouses are entitled to the exemption. If both spouses are entitled to the exemption, then § 704.730(b) requires apportionment.

As previously indicated, according to § 703.020(b)(2) Mrs. McFall is not entitled to claim the exemption, therefore, the exemption cannot be apportioned under § 704.730(b). Since *Schoenfeld* addresses the McFalls' situation and not the situation referred to in § 704.730(b), it is applicable law and not superseded by the 1982 legislation. In *Schoenfeld,* the court was faced with whether the homestead exemption applied to the property as a whole or only to the debtor's interest to be sold. The court held that applying the exemption to the property as a whole worked to the husband's benefit and that the purpose of the exemption is to protect the debtor's home from the demands of creditors. *Schoenfeld* held that "If the husband's creditors first attempt to execute on the property, the husband gets ... the exemption; if the wife's creditors move first she gets it." *Schoenfeld,* 11 Cal.App.3d at 763, 90 Cal. Rptr. 47.

In *In re Schneider,* the debtor deducted the homestead exemption from her one-half interest in the equity of the residence she owned with her spouse. This application of the homestead exemption left no available equity for the estate. 9 B.R. at 490. The trustee argued that the homestead exemption should be deducted from the total equity in the property before computing the debtor's interest. *Schneider* relied on *Schoenfeld* for the proposition that in order to determine whether there is equity subject to sale, the homestead exemption is

deducted solely from the debtor's interest which was one-half of the total value less encumbrances. *Id.* at 490–91. As with *Schoenfeld, Schneider* dealt with a spouse who was not a judgment debtor and was, therefore, not entitled to a homestead exemption. Since *Schneider* also addresses a different situation than that discussed in Cal.Civ.Proc.Code § 704.730 it has not been superseded and is applicable authority to the case at hand.

■ Finally, the trustee contends that Mr. McFall and his son do not qualify as a family unit under Cal.Civ.Proc.Code § 704.710(b)(2)(A). Section 704.710(b)(1) & (2)(A) provide:

(b) "Family unit" means any of the following:

(1) The judgment debtor and the judgment debtor's spouse if the spouses reside together in the homestead.

(2) The judgment debtor and at least one of the following persons who the judgment debtor cares for or maintains in the homestead:

(A) The minor child ... of the judgment debtor....

Cal.Civ.Proc.Code § 704.710(b)(1) & (2)(A). Pursuant to § 704.710(b) Mr. McFall qualifies as a family unit under either subsection (1) or (2). Mrs. McFall qualifies Mr. McFall as a family unit under subsection (1), while the McFall's minor son qualifies Mr. McFall as a family unit under subsection (2). In order to qualify for the $45,000 exemption under § 704.730(a)(2), the debtor must meet two requirements. The debtor must be a member of a family unit and in addition there must be at least one member of the family unit who owns no interest in the homestead or whose interest in the homestead is a community property interest.

■ Were it not for their minor son, Mr. McFall would not qualify for the $45,000 exemption under § 704.730(a)(2) because Mrs. McFall owns an interest in the homestead as her separate property. Mr. McFall at all times resided with his minor son, who owned no interest in the homestead. Notwithstanding the fact that Mrs.

McFall does not qualify Mr. McFall for the $45,000 exemption provided under § 704.730(a)(2), under the plain meaning of the statute, Mr. McFall and his son do qualify as a family unit under § 704.710(b)(2)(A) entitling Mr. McFall to the entire exemption under § 704.730(a)(2). The trustee argues that the fact that Mr. McFall was still married and lived in the residence with his wife, who owned a one-half interest, dictates that Mr. McFall claim the exemption on behalf of the "marital unit", and that since he and his wife constituted the "marital unit" the exemption must be apportioned between them.

The trustee's argument is specious. Under the plain language of § 704.710(b)(2)(A) and § 704.730(a)(2) there exists no preference for one form of family unit over another, nor does the statute state that a married person must assert the homestead exemption on the basis of the "marital unit" rather than any other basis. The statute allows a judgment debtor to claim a $45,000 exemption if he "cares for or maintains [his] minor child" in the homestead. Cal.Civ.Proc.Code § 704.710(b)(2)(A). Furthermore, under the statutory scheme, Mr. McFall could not assert the exemption on the basis of a "marital unit" because he would not qualify as a family unit with Mrs. McFall due to her separate property interest in the homestead. Also, as discussed above, Mrs. McFall cannot assert her own homestead exemption because she does not qualify under § 703.020. While there are no California cases which discuss the meaning of the term "family unit," the statutory scheme plainly indicates that Mr. McFall is entitled to the $45,000 exemption because he and his son are a family unit under § 704.710(b)(2)(A), and because his son owns no interest in the homestead as required by § 704.730(a)(2).

## CONCLUSION

The order of the bankruptcy court holding that Mr. McFall qualifies for the entire $45,000 exemption under § 704.730(a)(2) is affirmed.